No. 13,899.

MRS. MARY C. OLBERDING, WIFE OF JOSEPH GOHRES, vs. JOSEPH GOHRES, HER HUSBAND.

### SYLLABUS.

A husband may be guilty of outrages towards his wife of character such as to render their living together insupportable without raising his hand against her—his conduct may be the very refinement of cruelty without either force or blows.

APPEAL from the Civil District Court, Parish of Orleans— Sommerville, J.

---

Zengel, Thomas & Suthon, for Plaintiff, Appellee.

---

Benjamin Rice Forman, Jr., and E. A. O'Sullivan, for Defendant, Appellant.

The opinion of the court was delivered by

NICHOLLS, C. J.   Plaintiff, the wife of Joseph Gohres, obtained a judgment against the defendant, decreeing a separation from bed and board between herself and her husband, giving her the custody of the minor child, issue of their marriage, and ordering that her said husband pay his wife twenty-five dollars per month.   The judgment further ordered that a sale of certain described property made between himself and his brother, Henry Gohres, on August 2, 1900, by act before W. B. Barnett, notary public, be cancelled and annulled as being simulated and fraudulent; that Joseph Gohres and Henry Gohres be enjoined from disposing of or mortgaging the said property, and from negotiating the mortgage note which had been executed by Henry Gohres simultaneously with the execution of the said act of sale.

Plaintiff's action was based upon allegations of such cruel and outrageous conduct towards her by defendant as made their living together insupportable.   These general allegations are followed by the specific allegation that her husband had publicly defamed her.

In the original answer the husband pleaded the general issue, and averred that he had always conducted himself as a faithful and dutiful husband, and fulfilled all his moral and legal obligations.   He prayed that her suit be dismissed.

In a supplemental answer, he averred that the statements charged to have been made by him, and to constitute defamation, if made, were made to the relatives of the plaintiff, for the purpose of inducing reformation in the conduct of the plaintiff, and could not be held to be a public defamation.   He averred that he was justified in any statements or complaints to his wife's relatives he may have made by information conveyed to him from a credible source.   Both defendants denied that the act of sale was fraudulent, or simulated, and maintained its validity.

The evidence discloses that the husband of the plaintiff, upon several occasions, accused her in the presence of another person of an infamous crime, and, also, upon several occasions, when she was not present, charged her with the same crime separately to the same persons.   He contends that this was done with the view of bringing about a reformation in his wife.   The crime charged, if once committed, could not be done away with by reformation.   It did not

depend for its enormity upon continuance—once done its effect would forcedly remain forever. Not only was the charge made as has been stated, but defendant insists upon the truthfulness of the accusation in his pleadings, and yet he is content to have the marital relations between himself and his wife continue. The only possible explanation of this conduct on his part is a desire to prevent the dissolution of the community and the partition of the community property. The charge which the husband has made is not only improbable in itself, but the accusation is sustained by not a scintilla of evidence. It was wantonly and deliberately made; his own witnesses testify to the good character of the plaintiff. A husband may be guilty of outrages towards his wife of character such as to render their living together insupportable without raising his hand against her—his conduct may be the very refinement of cruelty without either force or blows. (Ashton vs. Ashton, 48 Ann. 1199.) It is unnecessary to go into details of this matter.

The judgment in all its parts is correct, and it is hereby affirmed.

Rehearing refused.