The judgment of the lower court rejected plaintiff's demand and the reconventional demand of the defendant.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended, and that there be judgment in favor of plaintiff against the E. S. Duck Lumber Company, a commercial copartnership, and against E. S. Duck, L. N. Duck, A. J. Sessions, and J. B. Phillips, the individual members composing said partnership, in solido, in the sum of $4,358.40, with legal interest thereon from June 3, 1918, and it is now ordered, adjudged, and decreed that said judgment, as amended, be affirmed, at the cost of defendant partnership.

O'NIELL, C. J., dissents.
OVERTON, J., recused.

———

(96 South. 27)

No. 24501.

## HANSBROUGH v. HANSBROUGH.

(April 2, 1923.)

*(Syllabus by Editorial Staff.)*

Divorce ⟨⟩27(18)—Letters written wife and children held cruel and outrageous treatment.

Letters written by husband to children and the wife in studied attempt to harass, insult, humiliate, and degrade the wife, with view of forcing her to consent to divorce, *held* such cruel and outrageous treatment as entitled her to separation from bed and board.

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Suit by Mrs. Peter H. Hansbrough against Peter H. Hansbrough. From a judgment for defendant, plaintiff appeals. Judgment annulled, avoided, and reversed, and judgment decreed in favor of plaintiff.

Adrian D. Schwartz, of Covington, for appellant.

Louis L. Morgan, of Covington, for appellee.

ROGERS, J. Plaintiff sued defendant for a separation from bed and board on the grounds of defamation and of cruel and outrageous treatment. Coupled with the suit is a prayer for an inventory and appraisement of the community property, for an injunction prohibiting the defendant from disposing of the said community property, and for the custody of a minor son of the marriage. The inventory and appraisement was ordered, although it does not appear that the order was carried into execution, and the preliminary injunction issued as prayed for.

Defendant, for answer, denied the charges, and, in turn, by way of reconvention, alleging ill treatment and abuse on the part of his wife, prayed for judgment in his favor for a separation from bed and board, and that the custody of the minor son of the marriage be granted to him.

Judgment on the main demand was rendered in favor of defendant, rejecting plaintiff's suit, and, on the reconventional demand, in favor of plaintiff in reconvention decreeing him a separation from bed and board, declaring certain property therein described to belong to the community between the parties, and awarding the permanent custody of the minor son of the marriage to

the defendant in reconvention, with the right reserved to the plaintiff in reconvention to take said child to his place of abode from one to seven days in each month. Plaintiff in the main action, defendant in reconvention, has appealed from this judgment.

Plaintiff and defendant were married about 25 years ago. The issue of the marriage are three children, two daughters, who are majors, and one son, who is a minor. The parties, apparently, lived in harmony for about 15 years, since their domestic troubles commenced about 10 years ago, reaching an acute stage about 3 years ago. The wife charges their estrangement to the misconduct of her husband; and he, on his part, ascribes the change in their domestic relations to the attitude of his wife.

The matrimonial domicile was in the town of Mandeville, parish of St. Tammany, and the defendant's place of business was a few miles distant therefrom, in the village of Florenville, in the same parish.

The cruel and outrageous treatment of which plaintiff specifically complains arises from the alleged defamatory and insulting contents of a series of letters addressed by the defendant to the children of the marriage, to her son by a previous marriage, and to herself personally. Defendant, in his reconventional demand, complains of alleged perpetual dissensions caused in the home by his wife, and of her abusive attitude towards him.

The case was submitted upon the testimony of plaintiff and defendant and one of their daughters, and upon a number of letters written principally by the defendant.

We have carefully examined the testimony and the letters in the transcript, and our conclusion is that the matrimonial dissensions and strained relations of the parties were due entirely to the actions and conduct of the defendant. It is apparent that for some years past defendant's marital yoke had become irksome to him, and that his one thought has been to obtain his release therefrom. A possible reason for defendant's dissatisfaction with his domestic ties may be found in the intrusion of the eternal triangle into the matrimonial affairs of the parties, as suggested in the testimony of the plaintiff and as indicated from the contents of a certain letter, in the handwriting of the defendant, addressed and couched in the most endearing language and most affectionate terms, and signed with the cryptograph "1688," representing the sixteenth and eighth letters of the alphabet, namely, "P. H. H," the initials of the defendant. The letter appears to have been intended for, and sent to, the wife of a former employee of the defendant, who had removed from the state, and to have, gotten, somehow, into the hands of the husband, who reforwarded it to the plaintiff.

The letters of the defendant in the transcript, which, however, it is admitted do not include all that were written by him, representing only selected ones, the others not being filed in order not to burden the record, beginning with the letter dated July 24, 1918, addressed to his two daughters, and ending with the letter sent to his wife under date of July 24, 1920, constitute a series of vexatious complaints, insulting innuendoes, and unwarranted threats well calculated to humiliate and degrade plaintiff, and to destroy her peace of mind and happiness. The intimations by defendant of the infidelity of his wife were absolutely without foundation or justification. In fact, this is acknowledged by defendant, in his testimony, when, in answer to a question, he says in referring to his wife:

"I believe that she is as pure a woman as is on the face of God's green earth, but has a incredible temper."

The witness' belief in the "incredible temper" of his wife arises, doubtless, from her

occasional taking him to task for some of his own lapses and misconduct. Whatever ebullitions of temper she may have manifested on such occasions cannot be invoked against her, as a·woman would be scarcely human to remain silent in the face of the many provocations offered to plaintiff by the defendant.

Defendant's letters are a studied attempt to obtain plaintiff's consent to a divorce, or to coerce her into instituting a suit for divorce against him. The burden of nearly every one is that "I want and am going to do my best to get a divorce from you, or you can get a divorce from me." The attitude of the plaintiff, during all of the years of this correspondence, may be ascertained from this excerpt from one of her letters:

"I always loved my home and was happy and contented, though I may not have shown it, till you made it so miserable and unpleasant for me with your wicked and insulting accusations every time you entered the house, and then to run me down to my children, and try to make them believe I was of the lowest; but, thank God, they have eyes and can see, and have been with me long enough to know they were the blackest lies."

This is the expression of a thoroughly good, but unhappy, wife and mother, goaded beyond endurance by the words and actions of her husband.

Plaintiff's patience, however, finally came to an end, and, unable to further withstand defendant's insulting accusations and constant threats of legal proceedings, she instituted this suit against him for a separation from bed and board. In view of defendant's obvious desire for a severance of·the marital ties, and the many demands made by him upon his wife that she take such action, his reconventional demand is inexplicable, unless it be that he is desirous of escaping responsibility for the alimony which would result from a judgment in her favor. Doubtless this is the reason which actuated him in filing his demand in reconvention. On this demand it is sufficient to say that plaintiff therein, the defendant in the main demand, has utterly failed to prove the allegations thereof. It is significant that in the judgment maintaining the demand in reconvention the lower court awarded the custody of the minor son of the marriage to his mother, plaintiff herein.

Our conclusion is that defendant's letters were not written in good faith, with a sincere desire, as he would have it appear, of bringing peace and tranquillity to the domestic circle, but that they were plainly a studied attempt to harass, insult, humiliate, and degrade the plaintiff, with a view of forcing her to consent to a severance of the marital ties at the instance of defendant, or to coerce her into an action on her own part to bring about that result. This continued course of conduct by defendant towards his wife constitutes that cruel and outrageous treatment which under the law entitles the wife to relief by means of a judgment for separation from bed and board.

For the reasons assigned, it is therefore ordered, adjudged, and decreed that the judgment herein appealed from be annulled, avoided, and reversed, and it is now further ordered, adjudged, and decreed that there be judgment in favor of plaintiff, Mrs. Peter H. Hansbrough, and against her husband, Peter H. Hansbrough, decreeing a separation from bed and board between them, and that said Mrs. Peter H. Hansbrough be, and she is hereby, given the permanent care and custody of her minor child, Calvin Hansbrough. It is further ordered, adjudged, and decreed that the reconventional demand herein filed by the said Peter H. Hansbrough be rejected and dismissed. It is further ordered, adjudged, and decreed that the question of alimony and the settlement of the community between the parties and the adjustment of their respective rights

therein be hereafter proceeded with and disposed of in the district court according to law. It is further ordered and decreed that the preliminary writ of injunction issued herein, prohibiting and enjoining the said Peter H. Hansbrough from disposing in any manner of any part of the community property in his possession, be made perpetual. Defendant and appellee to pay all costs of this suit.