(105 So. 376)

No. 27036.

TRAUTMAN v. KRAUSS.

(July 13, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Divorce ⬤⟲12—Husband's change of religion and attempt to proselyte his wife and children held not ground for separation.**

Husband's change of religion and attempt to proselyte his wife and children *held* not ground for separation from bed and board.

2. **Divorce ⬤⟲93(3)—Petition seeking separation from bed and board, based on husband's nagging, held good against exception of no cause of action.**

Petition seeking separation from bed and board, and alleging continual fault finding, accusations that wife was unfit to rear and train her children, etc., *held* good against exception of no cause of action.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Suit by Mrs. Cecile Trautman against Marcel Krauss. Judgment for defendant on exception of no cause of action, and plaintiff appeals. Reversed, and exception of no cause of action overruled, and cause remanded.

Lazarus, Weil & Lazarus, of New Orleans, for appellant.

Donelson Caffery, Paul A. Sompayrac, and Anna C. McKay, all of New Orleans, for appellee.

O'NIELL, C. J. The plaintiff has appealed from a judgment dismissing her suit on an exception of no cause of action. She sued for a decree of separation from bed and board. The cause of action that she intended to allege was that her husband had treated her cruelly and that the cruel treatment was such as to render her living with him insupportable.

Having alleged that she married the defendant in New Orleans in 1914, that there were two daughters born of the marriage, one 9 and the other 7 years of age, and that, until a few years ago, the defendant was a dutiful husband and father, the plaintiff stated her complaint, as follows:

VI. That, a few years ago, said defendant's conduct underwent a radical change, due largely to an obsession or mania which said defendant developed for a religion other than his own.

VII. That your petitioner and her said husband were both of the Jewish religion, were married in said faith and without any other thought than to rear their children in that faith.

VIII. That said defendant, becoming thus obsessed with this new and strange idea, neglected your petitioner and his said children to pursue his studies in this new cult.

IX. That said defendant not only neglected your petitioner and his said children, but likewise neglected his business and personal affairs, until finally he withdrew entirely from all business affairs, devoting his entire time, thought and attention to the pursuit of these new and strange religious teachings.

X. That said defendant has left petitioner for months at a time, only recently having returned to this city after an absence of over nine months spent in California in a religious school, where he was pursuing these new and strange religious teachings.

XI. That not only has said defendant attempted to proselyte your petitioner and to convert her from the religion of her fathers to this new and strange religion with which said defendant has become obsessed, but he has also

likewise been attempting to preach this new religion to their said children, who are of tender age.

XII. That, since returning to the matrimonial domicile during the last few days, the conduct of said defendant towards your petitioner has been more unusual and unnatural than ever before; he has forbidden her to associate with her friends or to take part in any of the social activities to which she had been accustomed, and to which said defendant had been accustomed prior to the time when this change came over him, as above set forth.

XIII. That said defendant has forbidden petitioner to leave her house or to take part in any of the temporal affairs of life to which she was accustomed and to which her and her husband's station in life entitled her.

XIV. That the conduct of said defendant in the particulars set forth, and in many others, has been such as to bring great humiliation to her, and, in the eyes of her family and friends, to degrade her.

XV. That said defendant, obsessed as aforesaid with his strange spiritual ideas, has continually found fault with petitioner, accusing her of leading an empty life, speaking to her in the presence of her family and friends in a manner calculated to humiliate and embarrass her, and even accusing petitioner of being unfit properly to rear, educate and train their said children.

XVI. That there has been no cohabitation between petitioner and her said husband since his return from his trip of over nine months, as aforesaid, all of which constitutes such cruel and inhuman treatment as to render their living together insupportable.

XVII. That your petitioner has borne such conduct for several years past, and has endeavored by every means to bring her said husband to a realization of the consequences of his conduct, but that said defendant has remained obdurate to her pleadings, and has evidently resolved to devote all of his life and give all of his time to the religious teachings with which he has become obsessed.

XVIII. That said defendant has earned no money of any kind in the last two years or more, but has been drawing on a small capital that he has left for the support of himself, your petitioner and their said children, and which capital has now been greatly depleted and will be exhausted before long.

[1, 2] The burden of the complaint is that the defendant's change of religious faith, and his strange conduct in that respect, have been humiliating to the plaintiff. If the petition showed nothing more than that the defendant had changed his religion and was attempting to proselyte his wife and children. it would not disclose a cause of action for separation from bed and board. But there are allegations in the petition on which the plaintiff is entitled to be heard. We refer to the charges made in paragraph XII to XV, inclusive, viz: That the defendant has forbidden his wife to leave her house, or to take part in any of the temporal affairs which she was accustomed to and which her station in life entitled her to; that he has continually found fault with her, accusing her of leading an empty life, speaking to her in the presence of her family and friends in a manner calculated to humiliate and embarrass her and even accusing her of being unfit properly to rear, educate and train her children. It might be inferred from the general tone of the petition that this last accusation was merely an accusation of unfitness for the religious rearing, educating and training of the children; which would be only an expression of the defendant's opinion upon a question that is perhaps beyond the realm of the courts. But that can only be determined from the evidence. It is not impossible that such nagging as the plaintiff has charged against her husband could amount to cruel and intolerable treatment.

A majority of the members of the court were at first inclined to the belief that this petition did not disclose a cause of action for a decree of separation from bed and board, for the case is indeed a peculiar one. It can be decided with a better understanding and greater assurance of doing justice from the evidence than from the allegations of the petition.

The judgment appealed from is reversed, the exception of no cause of action is overruled, and the case is ordered remanded for further proceedings. The defendant is to pay the costs of this appeal.