142 So. 699

**DI FRANCO v. GAGLIANO.**

No. 31678.

May 23, 1932.

Niels Hertz and John A. Woodville, both of New Orleans, for appellant.

Pomes & McCabe, of New Orleans, for appellee.

ODOM, J.

Plaintiff sued her husband for separation from bed and board on the ground of cruel treatment. The defendant excepted to the petition on the ground that it set out no cause of action. This exception was sustained, and plaintiff appealed.

1. Plaintiff alleged that her husband had been guilty of such cruelties and outrages toward her as to render their living together insupportable. Paragraph 3, art. 138, Civil Code.

The cruelties and outrages complained of are (to quote the petition): "That prior to the marriage with her husband, her said husband was a leper; that he concealed this fact from your petitioner before marrying her and after the consummation of the marriage he concealed it from your petitioner; * * * that petitioner was greatly mortified and humiliated by the fact becoming publicly known that she was married to a leper, petitioner not knowing that her said husband was a leper until after he had been incarcerated in March 1931 and isolated in the state institution for the isolation of such disease."

She alleges that her husband also subjected her to humiliation and mortification by failing to pay for their engagement ring and that she was compelled to pay for it, although he was able to do so. And that for the purpose of humiliating and mortifying her, he purchased furniture on credit, had the same delivered to the matrimonial domicile, and refused to pay for it, knowing that the

vendors, to her great humiliation and mortification, would repossess it.

2. With reference to the first specification of cruelty, that with reference to the allegation that her husband was a leper and concealed the fact from her, plaintiff likens her case to that of Carbagal v. Fernandez, 130 La. 812, 58 So. 581, where it was held that a separation from bed and board was properly granted on the ground of cruel treatment where the wife was inoculated with a venereal disease by her husband, he having been treated for the disease six months before the marriage and having consulted a physician with relation thereto, three days prior thereto, which indicated that he was aware of the danger to which his wife was subjected.

That case is not authority for the ruling which plaintiff's counsel would have us make here. There the husband inoculated his wife with a loathsome disease with which he knew he was afflicted and which he knew was communicable.

Here it is not alleged by the wife that her husband inoculated her with the disease of leprosy or that her marital relations with him would necessarily or probably result in her becoming inoculated with that disease, nor does she allege that the disease is communicable. She merely alleges that he was a leper, that he concealed the fact from her both before and after their marriage, and that she "was greatly mortified and humiliated by the fact becoming publicly known that she was married to a leper." (Italics ours.)

Mortifying and humiliating though this might have been and no doubt was to plain-

tiff, it is no more legal ground for separation from bed and board than would be the mortification resulting from the fact becoming publicly known that her husband was dishonest or a criminal. Situations like this are extremely unfortunate and are, in some cases, blighting to a spouse. But they are not grounds for separation under our law.

Under article 138 of the Civil Code, a separation from bed and board may be granted to one of the spouses for "excesses, cruel treatment, or outrages of one of them toward the other, if such * * * ill treatment is of such a nature as to render their living together insupportable."

In Olberding, Wife, v. Gohres, Husband, 107 La. 715, 31 So. 1028, 1029, it was said that a husband may be guilty of outrages toward his wife of a character such as to render their living together insupportable "without raising his hand against her. His conduct may be the very refinement of cruelty, without either force or blows." And in Hansbrough v. Hansbrough, 153 La. 445, 96 So. 27, 28, it was held that defamatory letters written by the husband to his wife and the children of the marriage and to the son of another marriage in a studied attempt to harass, humiliate, and degrade the wife, with the view of forcing her to consent to a divorce, was such cruel and outrageous treatment as entitled the wife to a separation from bed and board. But humiliation and mortification which result from deception, and conduct not amounting to an outrage, but which merely wounds the mental feelings, do not constitute cruelty in a legal sense, against which the law can relieve one of the spouses.

3. Plaintiff alleged that her husband refused to pay for their engagement ring

and that he purchased household furniture on credit and refused to pay for it, although he was able to do so, all of which caused her great mortification and humiliation.

Humiliation thus caused, like that caused by the fact becoming known that she was married to a leper, while sufficient to wound the feelings of a refined woman, does not amount to cruelty in the sense that term is used in the Code.

The judgment appealed from is correct, and is therefore affirmed, with all costs.