187 So. 670

## MOORE v. MOORE.

No. 35148.

March 6, 1939.

George J. Ginsberg, of Alexandria, for appellant.

John R. Hunter & Son, of Alexandria, for appellee.

FOURNET, Justice.

This is an action for separation from bed and board instituted by the husband against his wife on the ground of cruel treatment and excesses. The suit was dismissed on defendant's exceptions of no cause and no right of action, and the plaintiff has appealed.

The pertinent allegations of plaintiff's petition, which, for the purpose of disposing of the exceptions of no cause and no right of action, must be accepted as true, are, in effect, that the defendant habitually indulged in games of chance (gambling) and made extravagant expenditures beyond plaintiff's financial ability to pay, causing him embarrassment and humiliation; that as a result of said excesses his wife neglected her household duties and constantly quarrelled, nagged, and abused him, to the extent that it interfered with his profession (doctor of medicine), which required his constant and undivided attention; and that he tolerated his wife's alleged excesses and cruelties, which extended over a long period of

time, in the hope that conditions would improve, but instead they have become so aggravated as to render their living together insupportable.

Article 138 of the Revised Civil Code recites the several causes for which a separation from bed and board may be obtained, paragraph 3 of which reads as follows:

*"On account of* habitual intemperance of one of the married persons, or *excesses, cruel treatment,* or outrages of one of them towards the other, *if such* habitual intemperance, or such *ill treatment is of such a nature as to render their living together insupportable."* (Italics ours.)

Defendant's contention, apparently sustained by the lower court, is that the gambling and the extravagances of the wife, to whatever extent indulged, are not causes authorized by the code for a judicial separation from bed and board.

Plaintiff, however, contends that these indulgences and extravagances do not, per se, constitute cruel treatment sufficient to sustain his action, but that, *taken in conjunction with the alleged resultant factors,* i. e., neglect of domestic duties, continual and excessive nagging, quarrelling, disruption of his peace of mind, and mental harassment and humiliation, constitute "such ill treatment * * * as to render their living together insupportable" within the meaning and contemplation of the Revised Civil Code, Article 138.

Cruel treatment, under the jurisprudence of this state, is not confined to physical mistreatment, abuse, or injury,

but can, likewise, result from mental harassment alone arising from *conduct* that is the "very refinement of cruelty," without either force or blows. Olberding v. Gohres, 107 La. 715, 31 So. 1028; Tourne v. Tourne, 9 La. 452; Schlater v. Le-Blanc, 121 La. 919, 46 So. 921; Spansenberg v. Carter, 151 La. 1038, 92 So. 673; Hansbrough v. Hansbrough, 153 La. 445, 96 So. 27; Krauss v. Krauss, 163 La. 218, 111 So. 683, 58 A.L.R. 457; Trautman v. Krauss, 159 La. 371, 105 So. 376. See, also, 19 Corpus Juris 49.

In the early case of Tourne v. Tourne, 9 La. 452, this court said:

"* * * *A series of studied vexations and provocations on the part of a husband, without resorting to personal violence, might constitute that degree of cruel treatment and outrages, which would form a just ground for a separation from bed and board."* (Italics ours.)

In the later case of Spansenberg v. Carter, 151 La. 1038, 92 So. 673, 677, wherein the issue was whether the husband had legal cause to leave the matrimonial domicile, this court said: "For a *wife* to state to a husband that she has ceased to love him and that she demands her freedom, when said, not in a fit of temper, but as a fixed and deliberate conclusion, *necessarily constitutes cruel treatment. Such statement to a husband who is devoted to his wife is in itself the very refinement of cruelty.* It is the end to connubial felicity, to the marriage relation, and to the home itself. Neither law, justice, reason, nor considerations of public policy demand that the husband and wife, under such circumstances, shall be condemned to a condition of penal servitude or to a state of continuous strife and discord." (Italics ours.)

In the case of Trautman v. Krauss, 159 La. 371, 105 So. 376, 377, as in this case plaintiff's petition for a separation from bed and board on the grounds of cruelty was dismissed in the lower court on exceptions of no cause and no right of action, and this court, in reversing the decision and remanding the case, said:

"A majority of the members of the court were at first inclined to the belief that this petition did not disclose a cause of action for a decree of separation from bed and board, for the case is indeed a peculiar one. *It can be decided with a better understanding and greater assurance of doing justice from the evidence than from the allegations of the petition.*" (Italics ours.)

When the case was before this court on appeal from a judgment on the merits (Krauss v. Krauss, 163 La. 218, 111 So. 683, 685, 58 A.L.R. 457), the court said:

"We said on the former hearing of this case, Trautman v. Krauss, 159 La. 371, 105 So. 376, that if the petition showed nothing more than that the defendant had changed his religion and was attempting to proselyte his wife and children, it would not disclose a cause of action for separation, but we did not hold, nor did we intend to hold, that the practice of religion, or *one's religious conduct, may not be of such a nature and character as to constitute cruel treatment which would justify a separation.*

"We said, to the contrary, that:

" 'It is not impossible that such *nagging* as the plaintiff has charged against her husband *could amount to cruel and intolerable treatment,'* "

and commenting further stated:

*"The courts will look,* not so much to the originating cause of the cruel treatment, but *to the nature and character of the treatment itself in determining the question as to whether it amounts to such cruelty as to warrant a separation.*

\* \* \* \* \* \*

"And where the *conduct* of a spouse is calculated permanently to destroy the peace of mind and happiness of the other so as utterly to destroy the objects of matrimony, a divorce may be granted on the ground of cruelty.

\* \* \* \* \* \*

*"We must hold therefore that any unjustifiable conduct on the part of either husband or wife which so grievously wounds the mental feelings of the other, or such as in any other manner utterly destroys the legitimate ends and objects of matrimony, constitutes cruelty, although no physical or personal violence may be inflicted or threatened."* (Italics ours.)

▆▆▆ We are of the opinion that while the gambling habits or extravagances of either spouse are not per se grounds for separation from bed and board, either or both, when carried to excess by one of the spouses, resulting in that spouse violating or neglecting his or her marital duties and responsibilities and culminating in quarrelling, nagging, or otherwise abusing the other spouse to the extent that it makes their living together insupportable, such conduct constitutes cruel treatment or excesses within the meaning and contemplation of paragraph 3 of Article 138 of the Revised Civil Code. While in the instant case the allegations of plaintiff's petition are very broad and, it may be said, somewhat inartistically drawn, possibly subjecting it to an exception of vagueness, this uncertainty cannot be availed of by exceptions of no cause and no right of action. It is our conclusion that the trial judge improperly sustained the exceptions.

For the reasons assigned the judgment of the lower court maintaining the exceptions of no cause and no right of action is annulled and set aside and the exceptions are hereby overruled, and the case is remanded to the lower court for further proceedings in accordance with the views herein expressed. Costs of this appeal to be paid by the defendant, all other costs to await the final determination of this suit.

O'NIELL, C. J., dissents.