For the reasons assigned the appeal is dismissed.

**37 So.2d 819**

**WENDLING v. AUCOIN.**

No. 38659.

Nov. 8, 1948.

Frank H. Langridge, of Gretna, for defendant and appellant.

Connor, Durham & Clarke and Bert W. Clarke, all of New Orleans, for appellee.

HAMITER, Justice.

The defendant is appealing from a judgment in favor of his wife, the plaintiff herein, decreeing a separation from bed and board on the ground of cruel treatment, granting to her the custody of their minor child, and condemning him to pay alimony in the sum of $56 per month.

Appellant urges here only an insufficiency of the evidence in proof of the wife's charge of his excessive and extreme cruelty towards her

While the record does not disclose the commission of any physical violence by defendant on his wife, it does contain evidence of certain conduct, occurring during plaintiff's period of pregnancy and causing her (a person of highly nervous temperament) to endure repeated hysterical spells, which amounted to mental abuse and harassment. This included an attempt to physically carry plaintiff from their home to a tourist court against her will, the making of unreasonable demands and the using of what is termed brutal force with reference to their sexual relations, and his constant criticism of her in the handling of family funds and in the performance of household duties.

Defendant, of course, denied any cruel treatment towards his wife; his denial, however, was qualified somewhat as follows: "Q. You heard her testify that you mistreated her in your marital relations. Is that true? A. No, I guess she took it the wrong way. I didn't do it intentionally if I did."

If defendant actually committed during plaintiff's period of pregnancy the above enumerated acts, it must be held that he was guilty of the cruel treatment which justifies a judgment of separation from bed and board. For as was said in Moore v. Moore, 192 La. 289, 187 So. 670, 671:

"Cruel treatment, under the jurisprudence of this state, is not confined to physical mistreatment, abuse, or injury, but can, likewise, result from mental harassment alone arising from conduct that is the 'very refinement of cruelty,' without either force or blows. * * *"

Whether or not the evidence adduced preponderately shows the unreasonable conduct attributed to defendant is a question that addresses itself to the weight to be afforded the testimony of the witnesses. Sampognaro v. Sampognaro, 211 La. 105, 29 So.2d 581. The district judge resolved this question in favor of plaintiff. We can not say that he manifestly erred in so ruling; he had the opportunity of observing the demeanor of the witnesses as

they testified and could weigh better their conflicting testimony than can we from the transcript containing it.

The judgment is affirmed.

O'NIELL, C. J., dissents.