AYRES, Judge.
This is an action by a wife against her husband, the object of which is a judgment of separation based upon charges of abandonment and upon their voluntarily living separate and apart for more than a year. The defendant husband, in reconvention, sought a similar judgment in his favor upon charges of cruel and inhuman treatment, as well as upon the ground of their voluntary separation of more than a year.
There was judgment in plaintiff’s favor for a separation “a mensa et thoro” predicated upon the ground that the parties had continuously lived separate and apart for more than a year. However, plaintiff was found not to have been free of fault in causing the separation. From that part of the judgment decreeing plaintiff not free from fault, she prosecutes this appeal. Therefore, the only issue before this court is the correctness vel non of the finding by the trial court that plaintiff was not free from fault in causing the separation.
Plaintiff and defendant were married December 27, 1943, in New Orleans, Louisiana, and established their matrimonial domicile in Shreveport, Louisiana, in 1958, where it has since remained. Of their marriage one son was born, now 14 years of age. Plaintiff and defendant were sep-ated during August, 1964, and have not since lived together as man and wife. Defendant is now, and has been for more than 25 years, employed by the U. S. Department of Labor, Wage & Hour Public Contract Division.
Defendant wrote plaintiff on August 17, 1964, while she was on a visit in New Orleans, that it had been apparent to both of them for a long time that their marriage was in such status that separation was inevitable and that he had finally decided to take some definite action to terminate their domestic tensions and conflicts which had been bad for all of them, especially their son. Mention was then made of her previously expressed desires to remain in New Orleans, of his proposed cooperation in settlement of the community estate, and of his desire to continue her allowance of $200 per month, which he surmised would be sufficient, with her personal assets and income, to support her and their son comfortably.
The fault which defendant attributed to his wife was continual nagging and criticism. The court found that plaintiff did frequently discuss with defendant, and criticize, his political and union affiliations, his work and his lack of advancement therein, and his activities at home and during his free time. She constantly interfered with his work by phoning his superiors and fellow employees. She criticized and belittled him in their presence and in the presence of his friends. Defendant was unable to do anything at the house without his wife’s interfering or making it difficult. This included doing the dishes, waxing the car, cleaning and waxing some part of the house, attending to union business, writing letters, listening to the radio or music, and reading.
In a written opinion, the court made the following observation:
“Mrs. Swartz’ proclivities were first noticed when she testified on a rule that she did not want her husband to have the right to visit the child of the marriage, ' for fear that he would subvert him. Her testimony indicated that the politics of Mr. Swartz were so far from normal she was afraid he would instill un-American ideas in her child if he were allowed to visit the child alone. When the case was tried on the merits, Mrs. Swartz was incapable of giving a simple answer to a simple question. She talked incessantly. She talked when she was on the witness stand, when she was at the counsel table, and when she was seated in the back of the courtroom. She talked so much that everyone present concluded that this was one thing that would make the Swartzes’ .living together difficult for Mr. Swartz.”
The court concluded that Mrs. Swartz’ conduct rendered this couple’s living together *755 insupportable, and that there was no evidence in the record from which it could be concluded that Mr. Swartz was in any way at fault.
LSA-C.C. Art. 138 provides that:
“Separation from bed and board may be claimed reciprocally for the following causes:
******
“3. On account of habitual intemperance of one of the married persons, or excesses, cruel treatment, or outrages of one of them toward the other, if such habitual intemperance, or such ill-treatment is of such a nature as to render their living together insupportable; * * *»
In Moore v. Moore, 192 La. 289, 187 So. 670, 671 (1939), under allegations, among others, that plaintiff’s wife constantly quarreled, nagged, and abused him to the extent that it interfered with his work in his profession, that is, as a doctor of medicine, it was held that:
“Cruel treatment, under the jurisprudence of this state, is not confined to physical mistreatment, abuse, or injury, but can, likewise, result from mental harassment alone arising from conduct that is the 'very refinement of cruelty,’ without either force or blows.”
In Carriere v. Carriere (La.App.) 147 So.2d 668 (3d Cir. 1962), under charges that defendant frequently absented himself from home, left home on these occasions without informing any member of the family where he was going or when he expected to return, refused to talk with his wife or to celebrate their wedding anniversary, forced her to remain at home under threat that the doors would be locked when she returned, and disturbed her emotionally to the extent that her health was affected and she frequently suffered severe headaches, the court held that, under the jurisprudence of this State, such behavior, causing mental anguish, constituted cruelty of such a nature as to render the parties’ living together insupportable within the meaning of the codal authority set out above.
Under proof of comparable acts of cruelty, it has been held that where the conduct of a spouse is calculated permanently to destroy the peace of mind and happiness of the other so as to utterly destroy the objects of matrimony, a judgment of separation may be granted on the ground of cruelty. Krauss v. Krauss, 163 La. 218, 111 So. 683, 685, 58 A.L.R. 457 (1927); Trautman v. Krauss, 159 La. 371, 105 So. 376, 377 (1925); Olberding v. Gohres, 107 La. 715, 31 So. 1028 (1902).
In the Trautman case it was stated:
“It is not impossible that such nagging as the plaintiff has charged against her husband could amount to cruel and intolerable treatment.”
Under the facts disclosed by this record, it may not be said that defendant was at fault in, consciously or unconsciously, accepting literally the admonition contained in Holy Writ that:
“It is better to dwell in a corner of a housetop than with a brawling woman in a wide house” (Proverbs 21:9),
or that
“It is better to dwell in the wilderness than with a contentious and angry woman” (Proberbs 21:19)
in informing his wife of his determination to terminate their marital relationship and in departing from the family residence.
We are in accord with the conclusion reached by the trial court that Mrs. Swartz’ conduct rendered this couple’s living together insupportable, and that she was at fault in their separation.
The judgment appealed is accordingly affirmed at plaintiff-appellant’s costs.
Affirmed.