WILLIAMS, Judge.
Plaintiff, Genevieve Wortman Williams, instituted suit against her husband, Edward Leroy Williams, Jr. on September 18, 1969 seeking a separation from bed and board on the grounds of habitual intemperance and cruel treatment, custody of the two minor children, alimony and support for *796 herself and the children, and dissolution of the community of acquets and gains. Defendant reconvened and seeks a judgment of separation on the grounds of abandonment and custody of the children.
The trial court rendered judgment in favor of plaintiff, decreeing a separation from bed and board and dissolution of the community. Custody of the children and alimony had been previously granted plaintiff by judgment of the trial court. Defendant appeals from this judgment.
Defendant contends the trial court was in error in holding that his treatment of plaintiff was such as to render their living together insupportable; that Mrs. Williams was not justified in leaving the matrimonial domicile and refusing to return; that plaintiff was guilty of abandonment, and therefore, defendant is entitled to a judgment of separation and custody of the two minor children.
At issue is whether or not plaintiff has proven her husband guilty of such excesses and cruel treatment that would render their living together insupportable within the meaning of LSA-C.C. art. 138(3).
Plaintiff and defendant were married December 31, 1940 and of this marriage Martha, age 16 and James, age 9, were born. Defendant’s business was carried on from his home.
For some years prior to their separation the marriage had gradually deteriorated. Defendant withdrew from normal family relationship, refused to join his family at meals and required his wife to serve his meals in his separate bedroom. His drinking of alcoholic beverage frequently took place in the evenings after working hours and although the evidence does not indicate habitual intemperance, his drinking caused defendant to exhibit an attitude of belligerence and vocal criticism of his wife. Defendant’s own witness testified that he cursed his wife in the presence of others, that his attitude towards her was less than affectionate most of the time, and that his comments to her were often of a derisive nature. Defendant’s daughter, Martha, testified as to the verbal abuse by defendant of her mother; that on one occasion he told Martha and her mother that he did not need either one of them and that they would get out when he was good and ready. His drinking and verbal abuse of plaintiff and their daughter on Saturday, September 13, 1969 was followed by their leaving the matrimonial domicile the next day.
The trial judge in granting the separation determined that plaintiff’s version of the acts of cruelty and excesses on the part of defendant were true. The trial judge is in a better position to evaluate and weigh testimony of witnesses who appear before him, and accordingly, his findings will not be disturbed unless found to be manifestly erroneous.
In the case of Broderick v. Broderick, 191 La. 492, 186 So. 5 (1938), Chief Justice O’Niell stated:
“ * * * Besides, according to Article 138 of the Civil Code, habitual intemperance — like ill-treatment of one of the spouses toward the other — is not a just cause for a separation from bed and board unless ‘such habitual intemperance, or such ill treatment, is of such a nature as to render their living together insupportable’. And the question whether the habitual intemperance, or ill-treatment, in any given case, is of such a nature as to render the living together of the parties to the marriage unbearable, — or ‘insupportable’, as the Civil Code has it, — is a question for the Court, and not for either of the parties to decide. Mack v. Handy, 39 La.Ann. 491, 2 So. 181. In deciding that question, in any case, the court must consider the habits of the complaining party, and his or her conduct towards the other party to the marriage. * * *” [186 So. 5, 6]
*797 In the more recent case of Swartz v. Swartz, 191 So.2d 753 (La.App.2d Cir. 1966) Judge Ayres stated:
“Under proof of comparable acts of cruelty, it has been held that where the conduct of a spouse is calculated permanently to destroy the peace of mind and happiness of the other so as to utterly destroy the objects of matrimony, a judgment of separation may be granted on the ground of cruelty. Krauss v. Krauss, 163 La. 218, 111 So. 683, 685, 58 A.L.R. 457 (1927); Trautman v. Krauss, 159 La. 371, 105 So. 376, 377 (1925); and Olberding v. Gohres, 107 La. 715, 31 So. 1028 (1902).” [191 So.2d 753, 755]
The judgment of the trial court is well supported by the evidence contained in the record, and it is accordingly affirmed at appellant’s cost.
Affirmed.