DOUCET, Judge.
Defendant-appellant, W.E. Lafitte, III, appeals the judgment of the District Court which granted plaintiff-appellee, Lynn Lafitte, a legal separation based upon appellant’s fault. We affirm.
The parties to the instant suit were married on July 24,1982. Appellee entered the marriage with two children from a previous marriage who were later adopted by appellant. Another child, Jessica Lynn Lafitte, was born of this marriage.
The couple was legally separated on December 17,1985, on the basis of the mutual fault of the parties. Following this, the parties reconciled. On January 29, 1986, a Matrimonial Agreement was executed in an attempt to facilitate the couple’s reconciliation and to avert a recurrence of the situation which had precipitated in this separation. The primary cause of the couple’s disagreement was financial considerations.
On January 29, 1987, one year later, Lynn Lafitte once again petitioned for a legal separation from her husband. The trial court rendered judgment in favor of Ms. Lafitte on June 10, 1987, and signed the judgment on July 8, 1987. The opinion issued by the trial court stated that Mr. Lafitte was at fault on the basis of cruel treatment. Ms. Lafitte was absolved of any fault in the break-up of the marriage.
Appellant has alleged that the trial court committed two errors. The trial court allegedly erred in granting appellee a legal separation based upon the appellant’s fault. Alternately, an error was allegedly committed by the failure of the trial court to grant the separation based on the mutual fault of both parties.
The jurisprudence has clearly established that fault is a factual determination which will not be disturbed on appeal absent manifest error. See Pearce v. Pearce, 348 So. 2d 75 (La.1977), and Harrington v. Campbell, 413 So.2d 297 (La.App. 3rd Cir.1982). Much discretion is vested in the trial court regarding fault determinations. See Pearce, supra, and Harrington, supra. Thus, the above standard of review is to be applied in analyzing the alleged errors committed in the case sub judice.
The trial judge provided ample factual support for his fault determinations. In his opinion, the court found that, following the reconciliation, the husband continued ignoring his wife, refusing to have sex with her, publicly humiliating her, and displaying favoritism towards his natural child in preference to his adopted children. These findings were well documented in the testimony given at trial and, therefore, were not manifestly erroneous.
Regarding the fault of appellee, appellant has argued that his wife continued to spend money excessively in spite of the matrimonial agreement, that she kept the adopted daughters from spending time with him, and that she refused to prepare meals for him. The trial court stated that the appellee had not continued to spend money excessively but had, instead, only charged for goods and services related to the community and the needs of the children. The court found from the appellee’s testimony and demeanor that she had attempted to make the reconciliation a success, but that her actions were to no avail. Obviously, the trial court disregarded the testimony adverse to finding no fault on appellee’s part. The evidence supports the trial court’s determinations; therefore, this court will not disturb these rulings.
Applying the above factual determinations to the law concerning fault in separation suits, the trial court reached the legal conclusions that Lynn Lafitte was free from fault but that W.E. Lafitte had manifested cruel treatment sufficient to constitute fault. Clearly, the jurisprudence has held that cruel treatment does not have to be physical mistreatment. See Von Beckman v. Von Beckman, 386 So.2d 910 (La. 1980), and Wendling v. Aucoin, 214 La. *1250 361, 37 So.2d 819 (1948). The trial court did not err in its resolution of this case.
Accordingly, the decision of the trial court is affirmed. Costs of this appeal are to be borne by defendant-appellant.
AFFIRMED.