(91 South. 148)

No. 24467.

## SCHORAS v. STABA.

(March 6, 1922.)

*(Syllabus by Editorial Staff.)*

Divorce ☞27(7)—Cruel treatment held to entitle wife to separation from bed and board.

When a husband on various occasions ordered his wife out of the house, spat at her in the presence of servants, and charged her with being a worthless woman and of no assistance to him, his conduct, where persistently repeated, amounted to cruel treatment, and entitled the wife to a separation from bed and board under Rev. Civ. Code, art. 138.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Suit by Mrs. Adele Schoras against Joseph M. Staba for divorce. Judgment for plaintiff, and defendant appeals. Affirmed.

Harold A. Moise and Arthur B. Hammond, both of New Orleans, for appellant.

Henry Mooney, of New Orleans, for appellee.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

OVERTON, J. Plaintiff and defendant were married in February, 1899. Some eight years after their marriage, and a few days after the birth of their youngest child, plaintiff felt called upon to leave her husband, because of his cruel treatment of her. A reconciliation was, however, effected, and she returned to the matrimonial domicile. She remained there for some 12 years longer, attending to her household duties, caring for her children, and assisting her husband in his grocery store, when, because of his continued cruel treatment, she felt called upon again to leave the matrimonial domicile with her children, and to live separately and apart from him. During the year preceding her final departure, though they lived in the

same house, they did not live together as man and wife.

Shortly following that departure, this suit was instituted by the wife for a separation from bed and board, on the ground of cruel treatment; for the care and custody of her children; for her part of the community of acquets and gains; and to enjoin the husband from disposing of the community property.

In the court below the wife obtained judgment granting her the above relief; and the husband has appealed.

The record discloses that on various occasions, without any reasonable excuse, he ordered her out of the house, and told her that if she were any kind of a woman she would take the children and leave. At times, such statements were made to her alone, and at other times they were made in the presence of others. Upon one occasion, he spat at her in the presence of a servant, and at other times he charged her with being a worthless woman, and of no assistance to him. His conduct towards her was frequently cruel, and was such as to humiliate her, in the presence of others. The husband concedes, in his evidence, that since his wife's departure he has made no effort to bring about a reconciliation.

Such conduct, especially where much of it has been persistently repeated, amounts to cruel treatment, and entitles the wife to a separation from bed and board, under article 138 of the Revised Civil Code, providing for such a separation, when one of the spouses is guilty of cruel treatment of the other of such a nature as to render their living together insupportable.

It follows that the wife is entitled to her half of the community property, after the payment of the debts; and, as she is successful in her suit for the separation, to the custody of those of the children who are still minors.

For the reasons assigned, the judgment of the lower court is affirmed, the appellant to pay the costs.