41 So.2d 497

**CONEY v. CONEY.**

No. 39028.

May 31, 1949.

Rehearing Denied June 30, 1949.

James T. Burns, Covington, Ponder & Ponder, L. B. Ponder, Jr., Amite, for defendant-appellant.

Mary Purser, Carroll Buck, Amite, Fred G. Benton, George Mathews, Baton Rouge, for appellee.

FOURNET, Justice.

Walton B. Coney prosecutes this appeal from the judgment of the lower court ordering him to pay alimony of $140 a month to his wife pending the final determination of her suit against him for a separation from bed and board, such alimony to be due and payable from the date of the filing of the suit on March 23, 1948. The plaintiff, answering the appeal, seeks to have this award increased to the amount prayed for, that is, $500 a month, beginning on August 1, 1947.

It is the contention of the appellant that his wife is not entitled to any alimony because (1) her petition discloses neither a cause nor a right of action and, of necessity, alimony pendente lite should fall with her main demand; (2) the evidence adduced on the trial of the rule for alimony disclosed she was at fault because she abandoned him; (3) in the alternative, that the award of $140 a month was erroneously made since there was no proof to show the plaintiff is in necessitous circumstances or that there was any community income or any community property that was income producing at the time of the trial of the rule; and (4) in the further alternative, that the award should be reduced to not more than $40 a month. The defendant, in a motion filed here on the day this case was argued, seeks to have us remand the case in order that he may show his wife is not in necessitous circumstances as she obtained employment during the legislative term of 1948 and, thereafter, on October 15, 1948, became the executive secretary of the Louisiana Conference of Social Welfare at a salary of $300 a month.

While the petition in this case may be said to be inartistically drawn, dealing largely in generalities and conclusions, it is one that can, as was stated in the case of Trautman v. Krauss, 159 La. 371, 105 So. 376, 377, "be decided with a better understanding and greater assurance of doing justice from the evidence than from the allegations of the petition." Furthermore, in addition to the conclusions and generalities in the petition, there are also contained

sufficient allegations of fact that, if proved, would establish such cruelty as to justify a decree of separation, for the plaintiff alleges that beginning a short time after the marriage and continuing until the separation on August 27, 1947, her husband, without any just cause or provocation on her part, intermittently ignored her completely, refusing frequently and for long periods of time to even speak to her; that he threatened to beat her during the month of June, 1947, and again on August 1, 1947; that on several occasions he told her of his dissatisfaction with her, and suggested that she return to her own people, because of her failure as a wife, mother, and housekeeper; that on or about August 1, 1947, when it became apparent she would have to undergo a serious operation, he again suggested she go to her own people but requested that she at least return to the matrimonial domicile following the operation long enough to prevent the creation of the impression that he drove her away because of her illness; and that she did go to her sister's home on August 27, 1947, for the operation but did not return to the matrimonial domicile because of the cruel treatment to which she had been previously subjected and which had left her in a highly nervous condition. She further alleged that since the operation he has not provided her with any means of support, despite her desperate need. See, Olberding v. Gohres, 107 La. 715, 31 So. 1028; Duhon v. Duhon, 110 La. 240, 34 So. 428; Schoras v. Staba, 150 La. 674, 91 So. 148; Krauss v. Krauss,

163 La. 218, 111 So. 683, 58 A.L.R. 457; Moore v. Moore, 192 La. 289, 187 So. 670.

▇▇▇ Appellant's second contention is equally without merit for it is the mandatory duty of the trial judge in a suit for separation from bed and board or for a divorce, if the wife has not sufficient income for her maintenance during the pendency of the suit, to order her husband to pay her a sum of money for her support in proportion to her needs and to his means to pay the same, Article 148 of the Revised Civil Code, for alimony "is nothing more than the judicial sanction and enforcement, under abnormal conditions, through the judiciary, of the duty by the husband to support the wife", State ex rel. Huber v. King, 49 La.Ann. 1503, 22 So. 887, 889, and it does not, therefore, depend upon the merits of the suit. Grisamore v. Grisamore, 191 La. 770, 186 So. 98, and the authorities therein cited.

The alternative demands are also unimpressive. The testimony in the record reveals the plaintiff and defendant were married on July 15, 1945, and that although there were no children born of this union, six of the husband's seven children by a former wife and his mother were living with them. The evidence unmistakably shows that the plaintiff is in necessitous circumstances; that after the operation she went to live in her sister's home and that from that time her husband did not contribute one penny toward her support and maintenance until he was ordered to

pay her $75 by the court after this suit was filed. While the defendant did testify that at the time of the trial of the rule he was operating his two businesses at a loss (because of a fire in his saw mill and because of his inability to get merchandise to sell in his other business) and that he owed the bank $74,000, $25,000 to insurance companies, and some other personal loans, he did admit under cross-examination he owned some real estate, that while the suit was pending he sold a business (the Coney Mercantile Company) for around $8,700, a part of which was paid for in cash; that he purchased a Lincoln automobile; that he maintained two children in college, one at Marion and the other at Riverside; and that he had made repairs to his home. The record further reveals that when plaintiff first married the defendant he allowed the plaintiff the sum of $500 a month with which to run the house, which amount did not include expenditures for utilities and other expenses in connection with the maintenance of the family, for which he personally paid an additional sum of about $500 a month. Since the separation two of the children have married and moved away and two are in college, leaving only two children at home with the defendant's mother and an aunt who is there temporarily.

Under these circumstances we think the trial judge was most conservative in fixing the amount of the alimony for the plaintiff's support during the pendency of this suit at $140 a month. However, because of the unsatisfactory condition in which we find the record, we are not inclined to disturb this award at this time, particularly since it is disclosed in the letter from the Louisiana Conference of Social Welfare that is attached to the defendant's motion to remand the case that the plaintiff has been employed as the executive secretary of this agency since October 15, 1948, at a salary of $300 a month. Nor do we look with favor upon appellant's motion to remand, for, obviously, when the appellant perfected his appeal in this case, his wife was compelled to go to work in order to maintain herself.

Counsel for plaintiff concede, as they must, that alimony pendente lite is only due and payable from the date of judicial demand and, therefore, their claim for this alimony from August 1, 1947, is untenable.

The motion to remand is, therefore, overruled, and the judgment appealed from is affirmed.

O'NIELL, C. J., takes no part.