BOLIN, Judge.
Plaintiff obtained a judgment of separation from bed and board from her husband together with an award of the care and custody of the three minor children and alimony pendente lite in the sum of $150 per month for the support of herself and the children plus an additional $2,000 payable annually on December 31. The husband having paid only $300 on the award the wife obtained a separate judgment determining the amount and making execu-tory the past due alimony of $4,850. Both husband and wife have appealed only insofar as the amount of the alimony is concerned, the wife contending it should be increased and the husband asking it he decreased.
The record reflects the parties had been living for a number of years prior to the separation at their domicile in Monroe, Louisiana. The husband owns a one-fourth undivided interest in his father’s estate. At the time of trial a dispute among the heirs concerning the alleged mismanagement of the property had prevented homologation of a final account and settlement of the succession of defendant’s father. The evidence is uncertain as to the exact value of his interest, but the entire estate was estimated by him to be worth approximately $210,000.00 although concededly he was heavily in debt.
For many years prior to the separation the parties’ living expenses had exceeded the income of the husband which accounts in some measure for his indebtedness. An additional reason appears to be his lack of diligence in earning a living by his own work.
Following separation the wife moved to Baton Rouge, Louisiana, where she rented an apartment for $260.00 per month. She enumerated her expenses for one month which exceeded $1,000 and testified her father had supported her. Her father, a resident of Baton Rouge, who testified that he was a bank director, appears from the evidence to be a man of substantial means. The testimony is that it would require in excess of $1,000 per month for her to continue to live in Baton Rouge in the manner in which she is presently living, which is commensurate with the manner and scale of living to which she was accustomed while residing with her husband in Monroe.
The husband contends the alimony award for the wife and three children amounting to $3,800 per year is excessive and out of proportion to his income. The wife claims that not only her former husband’s income but his interest in his father’s estate should be considered in assessing an alimony award.
In his written reasons for judgment, the trial judge found:
“The Court fixed alimony in this case, considering the defendant’s financial condition at the time of the trial and anticipating an improving condition. The need for the children and the wife, if based only upon past living conditions, would far exceed the alimony fixed by the Court. Realizing that alimony and support depend upon the ability to pay, as well as need, and that it is subject to change and changing conditions, the Court fixed alimony payable both in monthly sums and in one yearly sum. The Court believed at the time of hearing that within a period of months, and at least within a year, the defendant would be in a position to pay and that his income should have increased so that an increased award would be possible. The award made on March 10, 1965 and amended on September 16, 1965 was in consideration of the conditions existing on February 25, 1965.
*832 ijí * * 5j< * *
“ * * * Realizing that for some reason other than physical incapacity the defendant was not producing the income he should be capable of producing and in an attempt to give the defendant an opportunity-to produce income, the Court did not overburden him in fixing support pendente lite. It was hoped that he might eventually produce the income necessary to support this wife and these children in the fashion to which they were accustomed. If the defendant did not make an attempt to improve conditions over which he had total control, the Court could on rule to increase alimony because of change in circumstances or on application for alimony and support on final judgment at the time of divorce, fix judgment based upon new considerations. It must be remembered that this is an award of temporary alimony and support.
“There are considerations of a practical nature which give meaning to the legal concept of alimony. It is the intent of the law that support, alimony and custody are all to be considered in the light of that which serves the best interest of the children and their general welfare. These considerations are not only for the day but for the many years of minority and of need which follow. Need, prior standard of family living, financial worth and ability, personal capacity to perform and general interest and welfare of children were all considerations of the Court in arriving at alimony pendente lite.”
* * * * * *
Alimony pendente lite for the support of the wife and children should be fixed upon the ability of husband to pay as well as upon the needs of the persons receiving it. (Louisiana Civil Code Articles 148 and 231.) Obviously, here the needs of the wife and children exceed the amount being received under the alimony award, but they also exceed the present ability of the husband to pay. However, as pointed out by the trial judge the record reflects the husband is able to work and that he owns, in his own right, a considerable amount of property. Under these circumstances, we think the trial judge was fully justified in fixing a total award of $3,800 per year for the support of the wife and three children pending the suit for final divorce.
The trial judge should be given wide discretion in determining the amount of alimony. From our reading of the record, we find no abuse of this discretion in the instant case. On the contrary, we think the award does substantial justice among all the parties and find no basis for either an increase or a decrease in the award.
For the reasons assigned, the judgments appealed from are affirmed at the cost of appellant, Arthur Lee Smith.
Affirmed.