PRICE, Judge.
The controversy now before this Court arose out of a suit for partition of the community of acquets and gains formerly existing between plaintiff, John A. Patrick, and defendant, Elsie Moore Patrick. Pursuant to a judgment of the Tenth Judicial District Court dated April 10, 1967, the community property was sold at public auction on May 17, 1967. From the proceeds of the sale the debts of the community which the parties to the suit had agreed upon were paid. There were, however, several- debts for which plaintiff contended the community was liable to pay. Prior to the time that the court had opportunity to pass upon the disputed indebtedness, counsel for defendant filed a rule to show cause why the sum then remaining in the hands of the notary who made the partition should not be distributed to the respective parties, and also prayed for additional remedies. The judgment on the rule was in favor of the defendant. From this judgment the plaintiff has appealed.
There was no evidence taken in the matter. The parties could not agree on a statement of fact, so the district judge made a narrative statement of what occurred in open court the day the judgment was agreed to. The pertinent part of that statement follows.
“Opposing counsel being unable to agree on a statement of facts on this matter:
“At the request of Counsel Henry W. Bethard, III, the Court herewith relates in narrative form the discussion between Counsel for all parties and the Court immediately before the Court issued its Judgment on Rule herein, dated November 9, 1967.
“A stipulation of agreement was reached in open Court by Counsel George T. Anderson, Co-attorney for John A. Patrick and Counsel Henry W. Bethard, III, Attorney for Mrs. Elsie Moore Patrick, and the Court began its dictation of and for the record.
“Mr. John S. Stephens, co-attorney for John A. Patrick, having absented himself *607 from the Courtroom and having returned as the Court began its dictation, requested to be heard. He was granted this opportunity. He stated that he objected to the use of the word 'stipulation’. The Court then suggested the use of the word ‘abide’ and this change of wording was accepted. Counsel Henry W. Beth-ard, III, then stated that he would not accept the agreement, and wished to proceed with the taking of testimony on behalf of the position taken by him for Mrs. Elsie Moore Patrick if this was not a consent judgment, and one from which an appeal would not be taken. Upon assurance by opposing Counsel of their agreement to bide by the Judgment on Rule, and the Courts (sic) assurance to Mr. Bethard that he was protected thereby, the Court proceeded to dictate the Judgment on Rule in presence of all counsel and no objection thereto was made.”
Under our law this statement is conclusive and binding on the parties. Boudreaux v. Moon Oil Co., 158 So. 672 (La.App., 1st Cir., 1935); Jones v. Anderson, 179 So.2d 695 (La.App., 2d Cir., 1965); LSA-C.C.P. Article 2131.
Appellee contends that the judgment of the district court was a consent judgment agreed to by the parties in open court, the appeal of which is governed by LSA-C.C.P. Article 2085. That article reads:
“An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.”
This Court agrees with the appellee and finds that appellant did acquiesce in the judgment of the district court. The record and the statement of the judge below show that the judgment appealed from was voluntarily and unconditionally acquiesced in by all parties. Counsel for appellee specifically informed the court that appellee would not consent to the judgment if there was going to be an appeal. Opposing counsel assured counsel for appellee that they would abide by the judgment and would not appeal therefrom.
Since appellant voluntarily and unconditionally acquiesced in the judgment rendered against him, he is without right to appeal.
For the foregoing reasons, the appeal is dismissed at appellant’s cost.