FRUGÉ, Judge.
Subsequent to hearings held as a result of a Rule to Evict filed by the plaintiff, judgment was entered evicting defendant from a 35-acre tract in Natchitoches Parish. At the commencement of the trial both attorneys agreed that no record of the testimony was to be made. Prior to the appeal, counsel for both parties disagreed as to the facts presented in evidence. The trial judge, therefore, compiled a narrative of the evidence in keeping with LSA-C.C. P. Article 2131. The defendant has appealed.
At the trial, the plaintiff alleged ownership of the land in question. As proof she submitted a judgment of possession in the Succession of Almond Benjamin Eznack, wherein she was sent and placed into possession of an undivided interest in the property and a usufruct of the remaining portion. She also alleged that Ted George had not paid rent for approximately six months, and that she was, therefore, entitled to eviction. The defendant asserted that his mother and stepfather lived on the property for a period of 11 years and that he has lived there, subsequent to their departure, for three years. He has also alleged that during the approximate 14 years’ residence, all parties possessed as owners. No proof of this can be found, however. In fact, all that is actually asserted by Mr. George is that his mother owns a portion of the land as an heir of Groves Edwards. We find no evidence entered to support even this. The trial judge found that the law and evidence were in *694 favor of the plaintiff and ordered that the rule be made absolute and accordingly that the defendant be evicted. We affirm.
The decision of this case is dependant upon whether or not there is a lessor-lessee relationship between the parties. From the record, as well as the narrative of facts and testimony presented by the trial judge, we conclude that there was a lessor-lessee relationship.
Submitted in evidence by the plaintiff was a receipt book showing that rent was paid by Mr. Allen Bennett, the stepfather of the defendant, on at least two occasions. Also submitted was a note paid by the defendant indicating a $30 three-months’ rent payment as well as subsequent additional payments.
Also, in his narrative the trial judge states that the testimony of the defendant’s witness did not in any way alter the above-presented facts submitted by the plaintiff. His conclusion based on the evidence presented will not be disturbed unless they are found obviously erroneous. This narrative is conclusive and binding. Boudreaux v. Moon Oil Company, 158 So. 672 (La.App. 1st Cir., 1935); Jones v. Anderson, 179 So.2d 695 (La.App. 2nd Cir., 1965); Patrick v. Patrick, 210 So.2d 605 (La.App. 2nd Cir., 1968); LSA-C.C.P. Article 2131.
Since we agree with the trial judge that there was a lessor-lessee relationship between the parties, and since there has been no rebuttal concerning plaintiff’s assertion that the lessee-defendant breached the lease, we, therefore, further conclude that the plaintiff was entitled to eviction proceedings as per LSA-C.C.P. Art. 4731 et seq.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are to be borne by the defendant-appellant.
Affirmed.