258 So.2d 170 (1972)
Jacob G. STANSBURY, Jr.
v.
Linda Bryant STANSBURY.
No. 8716.
Court of Appeal of Louisiana, First Circuit.
January 31, 1972.
*171 Charley J. Schrader, Jr., Houma, for appellant.
Thomas A. Cenac, of Cenac & Authement, Houma, for appellee.
Before LANDRY, BLANCHE and TUCKER, JJ.
LANDRY, Judge.
Appellant, Linda Bryant Stansbury (Appellant), appeals the judgment of the trial court awarding her alimony pendente lite in the sum of $181.00 monthly for the support of herself and her minor son, Jacob Stansbury, III, pursuant to a rule taken by Appellant incident to an action for judicial separation instituted by Appellant's husband, Jacob G. Stansbury, Jr. (Appellee). Appellant contends the lower court erred in awarding insufficient alimony, and also erred in making the payments commence on a date subsequent to institution of Appellee's suit for separation. We affirm in part and reverse in part.
Plaintiff's petition for separation was filed May 3, 1971. Appellant's rule for alimony was filed June 18, 1971, and on that same day an order to show cause was directed to Appellee as prayed for. The rule was tried and judgment rendered thereon on July 13, 1971, ordering Appellee to pay Appellant alimony for herself in the sum of $91.00 monthly, and for the minor Jacob Stansbury, III, in the amount of $90.00 monthly, commencing July 16, 1971.
It is conceded that no record was made of the oral testimony adduced on trial of Appellant's rule for alimony. Appellant's brief contains the recitation that a request was made of counsel for Appellee to join in an agreed statement of facts to serve in lieu of a transcript of testimony on appeal, and that such request was declined. Appellant also notes in brief that a request was made of the trial court for written reasons for judgment and for a narrative of facts, the latter pursuant to LSA-C.C.P. art. 2131. The record contains a written "Narrative of Facts and Corrections to Supplement Material Parts of the Trial Record Omitted", dated August 9, 1971, and filed herein by the trial court on August 10, 1971, the content of which will be discussed hereinafter.
The record contains the following documentary evidence introduced on behalf of the parties: (1) A document showing (a) an itemized statement of community obligations aggregating $1,082.79; (b) an itemized statement of personal living expenses totaling $357.00 monthly, and (c) average monthly income of $690.00 for the year 1970, all offered on behalf of Appellee; *172 (2) A document showing (a) monthly payments and bills amounting to $328.19, and (b) a total of all monthly expenses incurred by Appellee for personal living expenses and payment of community obligations, offered by Appellee, and (3) An itemized list of monthly expenses in the sum of $590.00, offered by Appellant.
The trial court's narrative of facts makes only the following factual findings: (1) Appellee-husband has a monthly net income of $690.00; (2) the community obligations of the litigants total $1,082.79, on which the husband presently makes payments in the sum of $161.19 monthly; (3) the husband's business is such that he requires a minimum of $347.00 monthly in order to conduct his affairs as he has in the past and continue to earn his present income.
The trial court also observed as follows:
"A novel approach was necessary in this case. This court ascertained firstly what was the absolute necessities of the husband without which he could not function and earn the net of $690.00 per month. Secondly from the $690.00, deducted the payments necessary to meet the community debts. Thirdly, the balance of $181.00 was allowed as alimony and child support."
In concluding its narrative, the lower court noted that a judgment for alimony is reviewable in the event of a change of circumstances, and that Appellant would be entitled to an increase in alimony upon liquidation of the community debts by Appellee. For reasons which do not appear in the narrative of facts, the trial court commenced appellant's alimony payments as of July 16, 1971.
Appellant maintains the lower court erred in (1) Giving priority to community obligations over the rights of a wife and child to alimony; (2) preferring the needs of a husband to those of a wife and child in fixing alimony pendente lite; (3) not commencing alimony payments from the date of filing of a separation suit, and alternatively (4) not fixing alimony pendente lite from the date of the filing of the wife's rule to fix same.
It is settled law that where there is no transcript of testimony made at the time of trial, appellant bears the responsibility of securing a narrative of facts as required by LSA-C.C.P. art. 2131. Chapman v. Lalumia, La.App., 154 So.2d 93.
Where the parties to an action cannot agree on a statement of fact when testimony has not been taken on trial of a cause, and the trial court renders a narrative of facts as required by LSA-C.C.P. art. 2131, the narrative by the trial court is conclusive and binding on the parties. Patrick v. Patrick, La.App., 210 So.2d 605.
In the assessment of alimony pendente lite, it is well established that trial courts are vested with considerable discretion, the exercise of which will not be disturbed save in case of abuse thereof. McMath v. Masters, La.App., 198 So.2d 734.
In determining a husband's ability to pay alimony pendente lite, the courts must accept as true the husband's testimony regarding his income and expenses, where such statements stand uncontroverted in the record. Reichert v. Lloveras, 188 La. 447, 177 So. 569.
Alimony pendente lite for the support of a wife and child must be determined in the light of the husband's ability to pay, and the needs of the persons entitled thereto. LSA-C.C. arts. 148, 231; Smith v. Smith, La.App., 185 So.2d 830.
Counsel for Appellant and Appellee each make reference in brief to various alleged circumstances testified to by Appellant and Appellee on the trial of Appellant's rule. Under the circumstances, however, we are confined to the narrative filed by the trial court. Patrick v. Patrick, above.
*173 In determining the husband's ability to pay alimony pendente lite pursuant to LSA-C.C. art. 148, payments being made by the husband on outstanding community obligations are to be considered. Long v. Long, 219 La. 649, 53 So.2d 798.
Assuming arguendo, the trial court erred in not first determining the needs of the wife and child before attempting to fix alimony in this instance, it is a matter of no consequence under the circumstances of this case. It is elementary that if the legitimate needs of the wife and children exceed the ability of the husband to pay, the courts can only award such amount as the husband's means reasonably allow. Any other rule would lead to manifestly absurd results.
In effect, the trial court held that it was unnecessary to first determine the precise needs of the wife because, irrespective of the amount thereof, the husband was able to pay only the sum of $181.00 monthly. If, as found by the lower court, the husband could only pay $181.00 in view of his present circumstances, the wife's showing of a greater need would be a vain and useless gesture. Considering the facts contained in the trial court's narrative, by which we are bound, we cannot say that the trial court abused the much discretion accorded it in cases of this nature.
As regards the date from which alimony is due, we note that alimony is merely the judicial sanction and enforcement, under abnormal circumstances, through the judiciary, of the husband's obligation to support his wife and minor children. Coney v. Coney, 215 La. 667, 41 So.2d 497. The date from which alimony pendente lite is due is the date of judicial demand. Coney v. Coney, above. In this instance, the date of judicial demand is not the date of Appellee's institution of this action for judicial separation, as contended by Appellant. The initial petition herein makes no mention of alimony. The date of judicial demand is the day on which a party files his demand or claim for relief. LSA-C.C.P. art. 421; Churchman v. Ingram, La.App., 56 So.2d 297. Appellant filed her rule for alimony herein on June 18, 1971; it follows that said date is the date of judicial demand from which Appellee's alimony payments must commence. We hold that the discretion invested in the trial court to fix the amount of alimony pendente lite does not extend to the date of commencement of such payments which must begin on the date of judicial demand therefor.
It is ordered, adjudged and decreed that the judgment of the trial court is amended insofar as it fixes the date of commencement of alimony pendente lite in this instance as of July 16, 1971, and judgment rendered herein fixing the date of commencement of said alimony as of June 18, 1971.
It is further ordered, adjudged and decreed that, except as hereinabove amended, the judgment of the trial court is affirmed; all costs of these proceedings to be paid by Appellee, Jacob G. Stansbury, Jr.
Amended and affirmed.