HALL, Judge.
Plaintiff, an unmarried mother and tu-trix of her minor child born February 5, 1972, filed suit against defendant on February 8, 1973 seeking judgment decreeing defendant to be the father of the child and seeking alimony for the support of the child. Defendant denied paternity. After trial, judgment was signed on February 13, 1974, declaring defendant to be the father of the child and ordering him to pay alimony for support of the child in the sum of $70 per month, commencing on February 1, 1974.
Plaintiff appealed, specifying as error the action of the district court in setting the commencement date for alimony as February 1, 1974, and in not setting the commencement date for such payments on the date of judicial demand, February 8,-1973. Defendant neither appealed nor answered the appeal.
Plaintiff-appellant cites and relies on Coney v. Coney, 215 La. 667, 41 So.2d 497 (1949) and Stansbury v. Stansbury, 258 So.2d 170 (La.App. 1st Cir. 1972), in which cases alimony pendente lite was awarded from date of judicial demand. Defendant-appellee cites and relies on Cumpton v. Cumpton, 283 So.2d 846 (La.App.2d Cir. 1973), in which this court affirmed a judgment of the district court awarding alimony pendente lite from date *517 of judgment, holding that the trial judge has discretion in setting the commencement date of alimony. Appellant questions the rule in Ctimpton, but in any event contends the district court abused its discretion in the instant case.
In Cumpton, this court reviewed the jurisprudence and held:
“In support of her position that payment of alimony should begin on April 17, 1972, the date she filed her petition demanding this relief, plaintiff cites Coney v. Coney, 215 La. 667, 41 So.2d 497 (1949), and Stansbury v. Stansbury, 258 So.2d 170 (La.App. 1st Cir. 1972). In Coney, a wife requested alimony be made effective the date she physically separated from her husband. The Supreme Court held alimony is ‘only due and payable from date of judicial demand.’ In Stansbury, the First Circuit interpreted Coney to imply the trial judge has no discretion in specifying some later date for commencement of alimony payments and must order payment to begin the date of judicial demand.
* * * * * .*
“We do not interpret Coney as intending to limit the discretion of a trial judge to commence alimony installments on some other date than judicial demand provided his action is fair and reasonable under the circumstances presented. Coney merely holds the trial court cannot make alimony retroactive to a time prior to judicial demand is made for same.
íjí % í}í ifi
“Compelling reasons may be presented to the court leading to a conclusion it would be impractical and inequitable to commence accrual of alimony ordered in the decree at the retroactive date of judicial demand. We know of no reason why a trial judge should not be accorded the same discretion in specifying a commencement date for alimony payments as he is given in determining the needs of the wife and ability of the husband to pay.”
The rule recognized in Cumpton relating to alimony pendente lite in a separation suit applies to this suit to fix alimony for the support of an illegitimate child. The trial judge has discretion in fixing the amount of the payments, taking into consideration the needs of the child and the ability of the father to pay. The trial judge has the same discretion in fixing the commencement date of the payments. While the trial judge may, and in most instances should, order commencement of the payments as of the date of judicial demand, the Cumpton rule recognizes the trial judge’s discretion to deal with the realities of the problem where it would be impractical or inequitable to make payments retroactive to the date of judicial demand.
In Ogborn v. Bush, 255 So.2d 199 (La. App. 4th Cir. 1971), writ refused, 260 La. 412, 256 So.2d 293 (1972), a paternity suit, the Court of Appeal reversed a judgment of the district court, held defendant to be the father of the minor child, and fixed alimony for the support of the child commencing one week after the date of the judgment of the appellate court.
Our review of the evidence, which discloses defendant is burdened with substantial other family expenses and financial obligations, reveals no abuse of the trial judge’s discretion.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.