PICKETT, Judge:
This is an appeal from a judgment on a rule to fix alimony and child support. In separation and divorce proceedings instituted by her on March 2, 1967, and August 5, 1968, respectively, plaintiff-appellee did not pray that alimony, either pendente lite or permanent, or child support payments be fixed; rather, she “reserved her rights” to these claims, and the judgments so provided. In both proceedings, the defendant was an absentee and represented by an appointed attorney. Mrs. Jackson remarried on November 23, 1968.
On December 19, 1974, plaintiff-appellee filed the instant rule, putting alimony and child support specifically at issue for the first time. She prayed for alimony from November 21, 1966, the date on which the grounds for separation (abandonment) occurred, until the date of her remarriage. She prayed for child support from November 21, 1966, until present.
The trial court granted the awards from the date of the filing of the petition for separation, apparently ruling that the instant rule related back to the date of the petition for separation, March 2, 1967.
We cannot agree. In our opinion, the decision in Stansbury v. Stansbury, 258 So.2d 170 (La.App. 1st Cir., 1972) is controlling as to the date of judicial demand for alimony:
“[10-14] As regards the date from which alimony is due, we note that alimony is merely the judicial sanction and enforcement, under abnormal circumstances, through the judiciary, of the husband’s obligation to support his wife and minor children. Coney v. Coney, 215 La. 667, 41 So.2d 497. The date from which alimony pendente lite is due is the date of judicial demand, Coney v. Coney, above. In this instance, the date of judicial demand is not the date of Ap-pellee’s institution of this action for judicial separation, as contended by Appellant. The initial petition herein makes no mention of alimony. The date of judicial demand is the day on which a party files his demand or claim for relief. LSA-C.C.P. art. 421; Churchman v. Ingram, La.App., 56 So.2d 297. Appellant filed her rule for alimony herein on June 18, 1971; it follows that said date is the date of judicial demand from which Ap-pellee’s alimony payments must commence. We hold that the discretion invested in the trial court to fix the amount of alimony pendente lite does not extend to the date of commencement of such payments which must begin on the date of judicial demand therefor.”
Accordingly, the judgment of the trial court is hereby reversed in its award of alimony to plaintiff, since her judicial demand was after remarriage. The judgment is hereby amended to fix the date of the commencement of child support as of December 19, 1974. All costs are assessed against defendant-appellant.
Reversed in part, amended in part and rendered.