359 So.2d 696 (1978)
Runyon C. RICHARD
v.
Barbara Price RICHARD.
No. 11895.
Court of Appeal of Louisiana, First Circuit.
May 1, 1978.
*697 John Olds and George S. Womack, Baton Rouge, of counsel, for plaintiff-appellee Runyon C. Richard.
John G. Munoz, Baton Rouge, of counsel, for defendant-appellant Barbara Price Richard.
EN BANC.
LOTTINGER, Judge.
This is an appeal from a judgment awarding a separation a mensa et thoro in favor of the plaintiff, Runyon C. Richard, and against the defendant, Barbara Price Richard, specifically finding mutual fault. Plaintiff-appellee was awarded the custody of the minor child, Jesse J. Richard, and defendant-appellant was awarded alimony pendente lite. Defendant has appealed.
In the absence of oral or written reasons for judgment we make the following findings of fact. Plaintiff and defendant were married on August 5, 1972. Of that marriage one child was born, Jesse J. Richard, on August 31, 1974. Plaintiff and defendant ceased living together as man and wife on November 6, 1976, and have failed to reconcile since that date. Runyon Richard filed for the separation from bed and board alleging abandonment, and defendant reconvened alleging cruel treatment in the form of physical abuse.
Throughout their marriage the record reveals the defendant-appellant suffered from psychiatric problems resulting in hospitalization in 1973 and 1974. The record reveals indications of infidelity on the part of the defendant-appellant and drug abuse by both of the parties. It is also evident that the plaintiff has inflicted some physical abuse on the defendant during their marriage. However, at the time of the abandonment of the matrimonial domicile, there is nothing in the record to indicate physical abuse upon the defendant prior to her departure.
Defendant-appellant argues that the Trial Judge erred in (1) failing to provide written reasons for judgment after requested by a motion filed after the rendition of the judgment, (2) granting the separation to the plaintiff based on mutual fault, (3) awarding custody of the minor child to the plaintiff, and (4) awarding an insufficient amount of alimony pendente lite.

ERROR NO. 1
Appellant argues that the failure of the Trial Judge to provide written reasons for judgment in response to a motion filed subsequent to rendition of the judgment is error. We disagree. Fontenot v. State, Department of Highways, 300 So.2d 864 (La.App. 3rd Cir. 1974).

ERRORS NO. 2 AND 3
The record reveals that there was fault on the part of both parties to the marriage; thus the separation granted on mutual fault is justified. LSA-C.C. art. 141. It is also clear with regards to the custody of the minor child that because of the unstable mental condition of the mother, the best interest of the child is served by placing him in the custody of his father. Miyagi v. Miyagi, 279 So.2d 718 (La.App. 1st Cir. 1973), writ refused, 281 So.2d 758 (La.1973).

*698 ERROR NO. 4
It is further argued by appellant that the award of the alimony pendente lite is insufficient. There is, however, no showing of abuse of discretion by the Trial Judge making the award, thus we find no error. Hall v. Hall, 348 So.2d 707 (La.App. 1st Cir. 1977).
Additionally it is argued by the defendant-appellant that the trial judge erred in awarding alimony pendente lite from date of judgment rather than from date of her judicial demand, December 8, 1976.
Heretofore in Stansbury v. Stansbury, 258 So.2d 170 (La.App. 1st Cir. 1972) we held that the discretion granted the trial judge in determining the amount of alimony pendente lite did not also grant to him the discretion of determining the date of the commencement of the alimony pendente lite, which must be the date of judicial demand. In arriving at this rule we misinterpreted the statement in Coney v. Coney, 215 La. 667, 41 So.2d 497, 499 (1949) "that alimony pendente lite is only due and payable from the date of judicial demand". In Coney, plaintiff-wife requested alimony retroactive to the date of separation rather than from the date of judicial demand.
The better rule is that expressed by our brethren on the Second Circuit in Cumpton v. Cumpton, 283 So.2d 846, 848 (La.App. 2nd Cir. 1973) when they refused to follow Stansbury v. Stansbury, supra, and said:
"Compelling reasons may be presented to the court leading to a conclusion it would be impractical and inequitable to commence accrual of alimony ordered in the decree at the retroactive date of judicial demand. We know of no reason why a trial judge should not be accorded the same discretion in specifying a commencement date for alimony payments as he is given in determining the needs of the wife and ability of her husband to pay."
See also Hatch v. Hatch, 335 So.2d 707 (La.App. 2nd Cir. 1976), writ refused, 338 So.2d 113 (La.1976). Accordingly, Stansbury v. Stansbury, supra, is overruled only as to the determination of the date upon which alimony pendente lite is to commence.
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
LANDRY, Judge, dissenting.
The holding of this court in Stansbury v. Stansbury, 258 So.2d 170 (1972), was based on Coney v. Coney, 215 La. 667, 41 So.2d 497 (1949). Although the language in Coney does not afford particularly strong support to Stansbury, as noted by the majority opinion herein, it is my opinion, nevertheless, that La.C.C. Article 148 dictates an award of alimony pendente lite commencing with date of judicial demand. Article 148 provides: "If the wife has not sufficient income for her maintenance pending the suit . . . the judge shall allow her a sum for her support . . . ." (Emphasis by the court).
In my judgment, pending the suit means from the time the suit is instituted. The only discretion concerning the time of commencement of the award should be based on a finding that the wife had sufficient income for certain months during the pendency of the suit or had access to community funds during this time. Of course, broad discretion is permitted in determining the amount, depending upon the circumstances of each particular case.
Assuming arguendo that such discretion does exist, as held by the majority, upon a finding of "compelling circumstances" as held in Cumpton v. Cumpton, 283 So.2d 846 (La.App. 2d Cir. 1973), (relied upon by the majority herein), no such compelling circumstances have been found by the majority herein.