BARRY, Judge.
Plaintiff appeals a judgment which dismissed his Rule for Possession of property acquired after his judicial separation from the defendant. We affirm.
Plaintiff and defendant were married on August 17, 1974 and judicially separated on March 7, 1975. In 1976 they reconciled but did not re-establish the community regime by authentic act as required by LSA-C.C. art. 155. On April 12, 1979 the subject property was purchased in the names of “Sandra Jones, wife of, and Michael J. Crowley”, and the act of sale contains a declaration of family home.[1] On October 24,1980 plaintiff and defendant were again judicially separated.
On November 13, 1980 plaintiff sent a certified letter to his estranged wife requesting her and “other occupants” to vacate the premises, otherwise a monthly rental would be due. On November 22, 1980 plaintiff served a five day notice to vacate because of non-payment of rent, and on December 3, 1980 he filed this Rule for Possession of the property. The Trial Judge concluded that the parties were co-owners of the realty and each has the right to use the property without payment of rent.
Plaintiff and defendant were judicially separated and the community regime had been terminated when the “family home” was purchased in each of their names. Their subsequent reconciliation vitiated the legal separation, but the community estate was not re-established.
. Plaintiff argues that the property is part of his separate estate because it was purchased with his money after the legal separation. Defendant responds that she contributed to the down payment, the title shows her as a co-owner, and she signed the mortgage and promissory note in solido with plaintiff.
*404 Plaintiff’s Rule for Possession of the premises is a summary proceeding for return of possession to the rightful owner or lessor. Papa v. Sullivan, 268 So.2d 326 (La.App.2d Cir. 1972). An appropriate defense to eviction is ownership or equity in the property. The only matter before the lower court was plaintiff’s right to evict the defendant. The First City Court is without jurisdiction to judicially determine ownership of property and that question is not before this court.
Plaintiff had the burden of proving a landlord-tenant relationship. Eznack v. George, 253 So.2d 693 (La.App.3d Cir. 1971). The record plainly shows that plaintiff failed to prove clear title to the property for eviction purposes.
For the foregoing reasons the judgment of the lower court is affirmed with appellant to pay all costs of this appeal.
AFFIRMED.

. The act of sale was not certified but was identified by both parties.