GULOTTA, Judge.
Dennis J. Talley, the occupant of the premises 9025 Old Gentilly Road, appealing from a judgment of eviction in favor of the State of Louisiana, claims the First City Court of the City of New Orleans is without jurisdiction to render the eviction judgment. According to defendant, his answer claiming ownership of the land by virtue of thirty-year acquisitive prescription placed title and ownership of the subject property in issue and the City Court was without jurisdiction to determine title to immovable property.[1] Talley argues further that the evidence to support the judgment of eviction was insufficient because only he was present at the hearing, no evidence was offered to support the State’s claim, and no appearance was made by counsel for the State.
Because we conclude the State has failed to establish title to the property to support the rule for eviction where title to the property has been placed in issue, we reverse and set aside the eviction judgment and remand the matter.
In the recent case of Michael J. Crowley v. Mrs. Sandra Jones Crowley, 409 So.2d 403, we stated that the First City Court was without jurisdiction to determine ownership of property in an eviction proceeding. However, we conclude in Crowley, where a *202 defense to eviction is ownership or equity in the subject property, the plaintiff has the burden of showing a landlord-tenant relationship and must prove title to the property for eviction purposes (not necessarily title as against the world such as might be required in a title suit; but, a proprietary interest establishing the right to evict).
It is true that under LSA-Const. Art. 12, § 13, prescription cannot generally run against the State.[2] Nonetheless, where title or ownership is raised as a defense, as in our case by defendant’s claim of ownership by thirty-year acquisitive prescription, plaintiff bears the burden of establishing title to the property for eviction purposes. Absent a showing of ownership in the State, the prohibition against the running of prescription is not applicable. It was clearly incumbent upon the State to establish by competent evidence its ownership of the subject property in this case beyond mere assertion of that ownership in the rule. The State simply failed to carry this burden.
We point out further that although the judgment states that G. P. Theriot, attorney for plaintiff, was present at the hearing of the rule, the State acknowledges in its brief that it was represented at the hearing by a deputy clerk of the First City Court who acted as an agent for the State. Significantly, no evidence of any agency relationship was included in the record.
While we might be inclined to dismiss the eviction suit, we deem it more appropriate to remand the matter for the opportunity of taking evidence not inconsistent with the views expressed herein. Accordingly, the judgment of eviction is reversed and set aside, and the matter is remanded for further proceedings.
REVERSED AND SET ASIDE; REMANDED.

. Defendant relied on LSA-C.C.P.Art. 4848(1) which reads as follows:
“Art. 4848 Limitations upon jurisdiction
A parish court, city court, or justice of the peace court has no jurisdiction in any of the following cases or proceedings:
(1) A case involving title to immovable property;”

. LSA-Const.Art. 12, § 13 reads as follows:
“Section 13. Prescription Against State
Prescription shall not run against the state in any civil matter, unless otherwise provided in this constitution or expressly by law.”