415 So.2d 1009 (1982)
Janice Marie DUCREE
v.
Cleveland THOMAS.
No. 12975.
Court of Appeal of Louisiana, Fourth Circuit.
June 8, 1982.
*1010 Weir & Robinson, Frank Sloan, Metairie, for plaintiff-appellee.
McCloskey, Dennery, Page & Hennesy, Mitchell J. Hoffman, Edna Ann Wise, New Orleans, for defendant-appellee.
Before GULOTTA, GARRISON and BARRY, JJ.
BARRY, Judge.
Plaintiff appeals the amount and effective date of the trial court's order for child support.
On May 13, 1980, plaintiff filed a petition seeking a declaration that defendant is the father of her 1½ year old son and requested support of $300.00 per month. On January 9, 1981 the parties stipulated that defendant is the father of the child and after a hearing the Trial Judge ordered the defendant to pay $150.00 per month child support effective from that date. The court determined the child's expenses amounted to $300.00 per month and each parent has an equal obligation to support under LSA-C.C. Art. 240.
Plaintiff claims two assignments of error: the amount of support was computed erroneously and payments should be effective from the date of judicial demand.
Plaintiff first contends the Trial Judge erred by applying the parents' equal obligation to the petition request ($300.00) rather than the amount plaintiff testified was necessary ($400.00). Plaintiff also asserts she works and home care for the child ($200.00) is a compensible expense. Ogborn v. Bush, 255 So.2d 199 (La.App. 4th Cir. 1971) writ refused, 260 La. 412, 256 So.2d 293 (1972).
Each party submitted income and expense statements. Plaintiff nets $1,110.72 and claimed expenses of $1,080.00 which included the $400.00 allegedly needed for the child. Defendant's take home pay is $2,025.00 per month which includes his wife's salary and $725.00 in rental income. His expenses amount to $1,976.33 including repayment of several loans incurred in a divorce settlement with his first wife.
It appears to us the Trial Judge considered all factors. The court questioned plaintiff's claim of $200.00 for day care and plaintiff admitted her sister kept the child while she worked. The court also had to consider the father's expenses and ability to pay, including $100.00 per month for a child of a previous marriage. Defendant contends $150.00 per month is consistent with *1011 his capacity to pay and adequately meets the child's needs.
Contrary to plaintiff's assertion, the court clearly realized plaintiff was seeking $400.00 per month because she mentioned this amount three times in fifteen pages of testimony. (The entire transcript was twenty-four pages.)
The Trial Judge has considerable discretion in setting child support which will not be disturbed on appeal unless there is clear abuse of discretion. Ducote v. Ducote, 339 So.2d 835 (La.1976). The amount cannot be determined with mathematical certainty and all facts and circumstances of each case must be considered. Fall v. Fontenot, 307 So.2d 779 (La.App. 3rd Cir. 1975). This was a factual determination which is not manifestly erroneous or an abuse of discretion and should not be disturbed.
Plaintiff next contends the lower court erred by failing to order payments from the date of judicial demand. She alleges the Trial Judge intended to make the obligation retroactive to the filing date, but incorrectly accepted the defendant's suggestion that support was not due until the judgment date. Plaintiff urges the Trial Judge must make the payments retroactive to the date of judicial demand unless it is impractical or inequitable to do so. In re Greene, 300 So.2d 516 (La.App. 2nd Cir.) writ refused, 302 So.2d 621 (La.1974).
Defendant counters that our jurisprudence permits the trial court to set the date to begin support payments within its sound discretion. In re Greene, supra failed to set commencement at the date of judicial demand. Defendant asserts the same considerations are present here as in Ogborn, supra, i.e., the defendant is burdened with other financial obligations and family expenses: a house note, three loans, other child support and obligations shown on his expense sheet. Defendant states this court in Ogborn did not find it necessary to indicate the impractically or inequity in refusing to make the obligation retroactive. In Ogborn, also a paternity suit, we fixed child support one week after the date of the appellate judgment.
We feel the Trial Judge was within his sound discretion in holding that this defendant should not be held responsible for child support payments before he was adjudicated the father of the child. Our case law does not restrict the Trial Judge's discretion to commence child support payments on some date other than judicial demand. The proper test should be whatever is fair and reasonable under the circumstances. The Trial Judge has wide discretion in setting the amount of support and should be accorded the same discretion in specifying a commencement date for the payments.
For the foregoing reasons the judgment of the district court is affirmed with plaintiff to pay all costs.
AFFIRMED.