527 So.2d 1068 (1988)
Sharon Ann Washington WILLIAMS
v.
Oliver Wayne WILLIAMS.
No. CA 87 0702.
Court of Appeal of Louisiana, First Circuit.
June 21, 1988.
A.L. Carbonette, Baton Rouge, for plaintiff-appellee Sharon Ann Washington Williams.
John Di Giulio, Baton Rouge, for defendant-appellant Oliver Wayne Williams.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
This paternity suit was brought by plaintiff, Sharon Washington Williams, seeking to have defendant, Oliver W. Williams, declared the natural father of plaintiff's minor child, Kristin R. Williams. The trial court found in favor of plaintiff and ordered defendant to pay $225.00 per month in child support. Defendant has appealed.
On appeal, defendant argues that plaintiff failed to prove by a preponderance of the evidence that he was Kristin's natural father. We disagree and affirm the trial court's finding of paternity.
*1069 Plaintiff and defendant were formerly married to each other, but were divorced in February of 1981. However, plaintiff testified that they continued to be sexually intimate, with gradually decreasing frequency, through July, 1984. Defendant admitted that he remained in communication with plaintiff through this time, but denied that he ever slept with her after their divorce. Plaintiff's testimony regarding her continued relationship with defendant following their divorce was corroborated by several witnesses who knew both parties well and stated that plaintiff often received telephone calls from defendant in their presence, that defendant occasionally called them inquiring as to plaintiff's whereabouts and that they often saw defendant's car parked at plaintiff's apartment.
Further, a blood test, the admission of which was stipulated to by the parties, indicates a 99.34 percent probability of defendant being Kristin's father. Defendant also had two other blood tests performed, but failed to introduce the results at trial, creating an inference that they were unfavorable to him.
Although plaintiff admitted she had an affair with a man other than defendant during 1984, the time they spent together was not during the possible period of conception of the baby, who was born on March 12, 1985. There was absolutely no evidence that plaintiff was involved with any other man at the time of Kristin's conception.
Where the alleged father is alive, the plaintiff must prove paternity by a preponderance of the evidence. La.Civ. Code art. 209 A; LeBlanc v. LeBlanc, 497 So.2d 1361, 1364 (La.1986). The determination of whether there has been sufficient proof of descent from an alleged parent is a question of fact. Worley v. Thirdkill, 506 So.2d 1288 (La.App. 2d Cir.1987). The trial court's determination of factual and credibility issues should not be disturbed in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Patterson v. Johnson, 509 So.2d 35, 39 (La.App. 1st Cir.1987).
In this case, the trial court obviously chose to believe the testimony of plaintiff and her corroborating witnesses. Considering the totality of the evidence, we find no error in the credibility and factual determinations made by the trial court.[1] The testimony of plaintiff, the corroborating testimony of her witnesses and the strong scientific evidence presented were sufficient to establish by a preponderance of the evidence that defendant is Kristin's biological father.
In the eventuality that this court affirmed the trial court's finding of paternity, defendant additionally argued that the amount of child support ordered was excessive.
The determination of the amount of child support to be awarded is within the sound discretion of the trial court. Haynes v. Cargo, 422 So.2d 267 (La.App. 4th Cir. 1982); Ducree v. Thomas, 415 So.2d 1009 (La.App. 4th Cir.1982). In fixing the amount of child support to be awarded, the trial court must consider both the child's needs and the ability of the father to pay. La.Civ.Code arts. 240 and 244; State Through H. & H. Resources Admin. v. Essex, 427 So.2d 71 (La.App. 4th Cir.), writ denied, 430 So.2d 82 (1983); State, Etc. v. Guillory, 407 So.2d 1327 (La.App. 3d Cir. 1981). The trial court's determination will not be disturbed on appeal in the absence of a manifest abuse of discretion. Haynes, supra; Ducree, supra. Upon review of the evidence presented, we find no manifest error in the amount awarded.
Likewise, we find no abuse of discretion in the trial court's determination that the order of child support was to be effective from the date plaintiff's paternity suit was filed, rather than from the date upon which judgment was rendered. La.R.S. 9:399 establishes a general rule that support orders rendered upon a determination of paternity *1070 "shall be effective from the date on which the paternity suit was filed." However, this provision also provides that upon a showing of "good cause", the trial court may make the order effective anytime from the filing of suit until the rendition of judgment. Defendant argues that good cause exists, because of his financial situation, to make the award of child support in this case payable only from the rendition of judgment. We disagree finding, upon consideration of both parties' financial situations and the needs of the child, that the award made was not an abuse of the trial court's discretion. See Ducree, supra.
However, we do find merit in defendant's argument that the trial court erred in failing to grant his motion to have Kristin's surname changed to plaintiff's maiden name. La.R.S. 40:34B(1)(a)(iv) provides that:
If the child is an illegitimate child as provided in Civil Code Art. 180, the surname of the child shall be that of the mother's maiden name, unless both the mother and natural father of the child consent to the use of the natural father's surname for the child ...
(Emphasis added)
This article states unequivocally that, unless both parents agree to the use of the father's surname, an illegitimate child's surname shall be the mother's maiden name. In view of defendant's motion, it is obvious that he did not give his consent to the use of his surname. Further, plaintiff's argument that Kristin was legitimated by operation of law upon the trial court's finding that paternity had been established is without merit. The effect of the trial court's judgment was to establish filiation, not to legitimate the child. The civil code provides entirely separate requirements for establishing filiation and legitimation. See, La.C.C. arts. 198-201 (legitimation) and La.C.C. arts. 203, 205-209, 211 (acknowledgment of illegitimate children). Even though plaintiff was formerly married to defendant, their child was not born of that marriage or any other marriage and is therefore illegitimate. La. C.C. art. 180.
Accordingly, we reverse that portion of the trial court judgment denying defendant's motion to have Kristin's surname changed from Williams to Washington, plaintiff's maiden name. It is ordered that plaintiff take appropriate action to change Kristin's surname from Williams to Washington. In all other respects, the judgment of the trial court is affirmed. All costs of appeal are to be paid by defendant.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.
NOTES
[1] Although defendant in his brief made references to a pre-trial deposition of plaintiff and alleges that there were inconsistencies between it and plaintiff's trial testimony, we are unable to consider this argument because the said deposition was never introduced into evidence at the hearing on this matter.