PLOTKIN, Judge,
dissenting with written reasons:
Although I agree with the majority’s conclusion that the trial judge incorrectly applied the alimony decree retroactively to the date of divorce on June 25, 1987, I respectfully dissent from its conclusion that the correct date for commencement of alimony is the date the rule for contempt was filed on August 19, 1987.
LSA-R.S. 9:310 provides, in pertinent part, as follows:
A. An order for child support or alimony shall be retroactive to the filing date of the petition for child support or alimony granted in the order.
[[Image here]]
C. In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due.
It is well settled in Louisiana law that when a rule for permanent alimony is not filed until after the date of the divorce decree, the award may be made retroactive only to the date of judicial demand for permanent alimony. Coney v. Coney, 215 La. 667, 41 So.2d 497 (1949). In this case, that date is January 19, 1989, when the rule for permanent alimony was officially filed.
Ms. Barkemeyer filed a rule for contempt on August 19, 1987 because her ex-husband had terminated payment of alimony pendente lite after the divorce decree was granted. Mr. Barkemeyer excepted to the rule, claiming correctly that his obligation to pay alimony pendente lite terminated when the divorce was granted. Ms. Barkemeyer later admitted that he no longer had the obligation to pay alimony pen-dente lite once the divorce was granted. The parties agreed on September 8, 1987 that Ms. Barkemeyer would file the correct rule for permanent alimony and that that issue would be decided in a hearing set for November 4, 1987. However, Ms. Barkem-eyer failed to file the correct rule. Additionally, she requested a continuance of the November 4 hearing.
*841 Essentially, the August 19, 1987 rule for contempt had no effect in law since Ms. Barkemeyer had no cause of action for past due alimony at the time. Nonetheless, the majority holds that the rule for permanent alimony was merely an amendment to the rule for contempt. I cannot agree with that analysis.
I would hold that the permanent alimony decree issued January 29, 1989 was retroactive only until the official filing of the rule on January 19, 1989.
Before BARRY, BYRNES, WILLIAMS, ARMSTRONG and PLOTKIN, JJ.
PLOTKIN, Judge.
Defendant Kevin G. Barkemeyer appeals a trial court judgment awarding plaintiff Cheryl Johnson Barkemeyer $2,000 in past due alimony. The sole issue in this appeal is whether the trial judge correctly calculated the past due alimony award. We amend and affirm.

Facts:

On June 2,1986, Mrs. Barkemeyer filed a suit for separation which was served on Mr. Barkemeyer on June 13, 1986. Thereafter the parties attempted a reconciliation and the suit was dismissed without prejudice on July 23, 1986.
On October 9, 1986, Mrs. Barkemeyer again filed suit for separation, alleging her husband’s abandonment and nonreconciliation by the parties. That petition was served on Mr. Barkemeyer on October 16, 1986. Mr. Barkemeyer filed an answer and a reconventional demand, alleging cruel treatment, on October 27, 1986. Those pleadings were served on Mrs. Barkemeyer on October 31, 1986.
On November 3, 1986, Mr. Barkemeyer consented to pay alimony pendente lite of $425 per month. On June 25, 1987, Mr. Barkemeyer was granted a default judgment of divorce based on the couple’s physical separation for more than one year.
On August 19, 1987, Mrs. Barkemeyer filed a rule for contempt, alleging that Mr. Barkemeyer was $850 in arrears on his alimony obligation. On September 2, 1987, Mr. Barkemeyer excepted to the rule for contempt, alleging that no cause of action existed because his obligation to pay alimony pendente lite was terminated on June 25, 1987, when the final judgment of divorce was rendered. On September 8, 1987, when the rule for contempt and the exception were set to be heard, Mrs. Bar-kemeyer agreed to file the appropriate motion for permanent alimony. At the same time, the parties agreed that Mr. Barkem-eyer would pay Mrs. Barkemeyer $200 per month until the hearing on the rule for permanent alimony, which was set for November 4, 1987. However, no rule for permanent alimony had been filed as of the scheduled date and the hearing was continued indefinitely on Mrs. Barkemeyer’s motion.
On January 19, 1988, Mrs. Barkemeyer filed a rule for permanent alimony. The matter was tried January 26, 1988 and judgment was rendered January 19, 1988, fixing permanent alimony at $300 per month and finding both parties free from fault in the termination of the marriage. The judgment was silent as to the effective date of the permanent alimony award.
On June 24, 1988, Mrs. Barkemeyer filed a rule to increase alimony, as well as rules for contempt and for the payment of past due alimony. In the rule seeking payment of past due alimony, Mrs. Barkemeyer alleged that her former husband was $3,911.25 in arrears and sought to make this amount executory.
On August 19, 1988, the rule for payment of past due alimony was heard by a duty judge during summer session; the rule to increase alimony and the rule for contempt were continued. On September 20, 1988, judgment was rendered, making past due alimony in the amount of $2,000 executory. The court ordered the payment of $500 by September 1, 1988, with the balance of $1,500 to be payable within 90 days of the rule date. Mr. Barkemeyer appeals this judgment devolutively.
On appeal, Mr. Barkemeyer argues that the trial court erred in computing the ar-rearage in his permanent alimony obligation, claiming that $500 is the proper amount of arrearage, not the $2,000 found *842 by the trial court. Mr. Barkemeyer computes the arrearage as follows: $200 for October of 1987 per the couple’s prior consent decree, plus $300 for February of 1988 per the trial court’s judgment. Mr. Bar-kemeyer contests the trial court’s holding that he owes $300 permanent alimony per month for July, August, November and December of 1987 and for January of 1988, claiming the award of those sums was an improper retroactive application the the permanent alimony judgment.
Mrs. Barkemeyer concedes that alimony pendente lite automatically terminated with the judgment of divorce on June 25, 1987, but argues that the trial judge did not err in making the permanent alimony award retroactive to the date of the divorce. Mrs. Barkemeyer claims that the trial court’s action reflected the clear intent of the parties and was within the discretion of the trial court, considering the particular circumstances of the case.
It is well settled in Louisiana law that alimony pendente lite terminates with a divorce decree. Lewis v. Lewis, 404 So.2d 1230 (La.1981); Braning v. Braning, 449 So.2d 670 (La.App. 4th Cir.1984). The parties in the instant case agree that Mrs. Barkemeyer’s right to alimony pendente lite terminated with the divorce. They disagree, however, as to the effective date of the permanent alimony award. Additionally, Mr. Barkemeyer contests whether a non-awarding judge, acting on a rule to make past due alimony executory, can give retroactive effect to a judgment for permanent alimony which is silent as to the effective date.
A trial judge generally has discretion in setting the effective date of an alimony award depending upon the particular circumstances of the case. Anderson v. Anderson, 44.1 So.2d 413 (La.App. 4th Cir.1983). This rule applies both to regular judges and duty judges. In the instant case, compelling reasons for retroactive application of the award of permanent alimony exist. The record reveals that Mrs. Barkemeyer is suffering from multiple sclerosis complicated by epilepsy. This is a progressive and debilitating condition which precludes her from securing gainful employment. Her sole source of income is the Social Security Administration, from which she receives $376 per month. Thus, under the circumstances, the trial judge in rule did not abuse his discretion in giving the permanent alimony judgment retroactive effect, since the original judgment was silent as to the effective date.
However, the inquiry does not end with that determination. We must next consider whether the date chosen by the trial judge for the commencement of the permanent alimony is correct.
LSA-R.S. 9:310 provides, in pertinent part, as follows:
A. An order for child support or alimony shall be retroactive to the filing date of the petition for child support or alimony granted in the order.
[[Image here]]
C. In the event the court finds good cause for not' making the award retroactive, the court may fix the date such award shall become due.
It is well settled in Louisiana law that when a rule for permanent alimony is not filed until after the date of the divorce decree, the award may be made retroactive only to the date of judicial demand for permanent alimony. Coney v. Coney, 215 La. 667, 41 So.2d 497 (1949). In this case, that date is January 19, 1989, when the rule for permanent alimony was officially filed.
Mrs. Barkemeyer filed a rule for contempt on August 19, 1987 because her ex-husband had terminated payment of alimony pendente lite after the divorce decree was granted. Mr. Barkemeyer excepted to the rule, claiming correctly that his obligation to pay alimony pendente lite terminated when the divorce was granted. Mrs. Barkemeyer later admitted that Mr. Bar-kemeyer no longer had the obligation to pay alimony pendente lite once the divorce was granted. The parties agreed on September 8, 1987 that Ms. Barkemeyer would file the correct rule for permanent alimony and that that issue would be decided in a hearing set for November 4, 1987. How *843 ever, Ms. Barkemeyer failed to file the correct rule. Additionally, she requested a continuance of the November 4 hearing.
Essentially, the August 19, 1987 rule for contempt had no effect in law since Ms. Barkemeyer had no cause of action for past due alimony at the time. Therefore, the trial court was manifestly erroneous in giving the award for permanent alimony retroactive effect to the date of the granting of the divorce decree and thus incorrectly calculated the past due alimony award.
For the above and foregoing reasons, the trial court’s judgment awarding Mrs. Bar-kemeyer $2,000 in past due alimony is amended to $500. In all other respects, the judgment is affirmed.
AMENDED AND AFFIRMED.