SAMUEL, Judge.
This is a suit to establish the paternity of plaintiff’s four minor children. Defendant has appealed from a judgment decreeing him to be the natural father.
With the exception of only two periods of six and nine months duration, plaintiff and the defendant had lived together for several years during which time the four children were conceived and born. Neither of the litigants had ever been married although on frequent occasions defendant had promised to marry the plaintiff. They were not living together at the time of this suit.
On August 18, 19S8, when the children’s ages ranged from six years to slightly less than one year, defendant appeared before a New Orleans notary and two witnesses and signed the following document:
“STATE OF Louisiana “PARISH/COURT Orleans
“Before me, the undersigned Notary Public, personally appeared Walter Lafargue of 1609 Urquhart St., N.O. La., who being first duly sworn, doth Street City State
depose and say that he is the natural father of the children born of Iola Escort in New Orleans, Louisiana and whose births are recorded in Maiden name of mother
the Bureau of Vital Statistics of the City Health Department.
Walter Escort 12/31/1953 #34948
Cheryl Ann Escort 8/20/1956 #15169
Jo Ann Escort 7/ 6/1952
Gregory Escort 8/15/1957
“Affiant further states that he was born in New Roads on -Aug, 1909. He is of the Negro race. His occupation at the time of birth of the children was_. He was_ was not X legally married to another at the conceptions and births.
“Walter Lafargue “Signature of Affiant
“Loretta O’Meara Witness New Orleans, La. Address
“Mina Doruilbet Witness New. Orleans, La. Address
“Sworn to and subscribed before me this 18 day of Aug - 1958. “My commission expires is for life .
“Louise Louque Burton Signature and Seal of Notary Public Notary Public”
It is plaintiff’s contention that the above document constitutes a legal acknowledgment of the four illegitimate children under LSA-Civil Code Article 203. It is defendant’s contention that this codal article contemplates an authentic act, or at least *551 a notarial act in the usual form, clothed •with all the requisite solemnities and formalities (see Louisiana Notarial Manual, Woodward, pages 46-56, 672). He calls our attention to LSA-Civil Code Article 2234 and argues that Article 2234 illustrates the fact that Article 203 requires nothing less than such an authentic or notarial act.
Article 203 provides:
“The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in presence of two witnesses, by the father and mother or either of them, whenever it shall not have been made in the registering of the birth or baptism of such child.” (LSA-C.C. Art. 203).
Article 2234 provides:
“The authentic act, as relates to contracts, is that which has been executed before a notary public or other officer authorized to execute such functions, in presence of two witnesses, aged at least fourteen years, or of three witnesses, if a party be blind. If a party does not know how to sign, the notary must cause him to affix his mark to the instrument.
“All proces verbal of sales of succession property, signed by the sheriff or other person making the same, by the purchaser and two witnesses, are authentic acts.” (LSA-C.C. Art. 2234).
We do not agree with defendant’s contention. Article 2234, which appears under Title IV “Of Conventional Obligations”, merely defines the authentic act as the same relates to contracts. Article 203 contains no reference to the authentic act and makes its own specific provisions as to the type of act required for the acknowledgment of an illegitimate child.
The instrument signed by the defendant in the instant case clearly is a declaration by him that he is the natural father of the children and that instrument was executed by the defendant before a notary public and in the presence of two witnesses as required by Article 203. The absence of the word “acknowledge” is of no significance, especially in view of the fact that our jurisprudence, on proof offered by a natural child, recognizes as valid an acknowledgment accomplished by means or modes other than those stated in Article 203. 6 Tul. L.Rev. 120.
We conclude that, under the provisions of Article 203, the instrument set out here-inabove constitutes a sufficient and valid acknowledgment by the defendant of his four illegitimate children.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.