422 So.2d 267 (1982)
Gloria Jean HAYNES, etc.
v.
Clarence CARGO.
No. 13200.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1982.
Charles R. Jones, New Orleans, for plaintiff-appellee.
*268 Garland R. Rolling, Michael Baham, Metairie, for defendant-appellant.
Before BARRY, LOBRANO and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from a judgment of the trial court finding that defendant is the father of the plaintiff's child and is required to pay $400.00 a month as child support. Pursuant to that judgment, defendant, periodically contributed approximately $15.00 to $25.00 per week in child support. Six years prior to the institution of this law suit, defendant was required by juvenile court to pay an unknown amount of child support. The present action is essentially one to increase the award to $600.00 per month. The defendant had made an offer on the record to pay $125.00 per month which plaintiff rejected.
Although plaintiff alleges that defendant, Clarence Cargo, is the father of her child, at the time of the child's conception, he was married to someone else.
Defendant has signed a Notarial Act acknowledging his paternity of this child. This act was dated July 10, 1972, a few days after the child's birth. There is no evidence in the record to show defendant later refuted or filed an action to disavow paternity. This acknowledgment later resulted in the alteration of the child's birth certificate by the State Registrar of Vital Statistics to reflect that defendant was the natural father of the child. Plaintiff offered, introduced and filed into evidence a certified copy of the child's birth certificate. We agree with the trial court that defendant is the natural father of the child.
Additionally, defendant testified at trial that he was the father of the child. (R. Tr. p. 2). We find that the trial court was within its discretion to believe the testimony and to disregard a later attempt to refute it. Upon adequate proof of paternity, an illegitimate child is entitled to support. In Re: The Minor Tyson, 306 So.2d 822 (La.App. 2d Cir.1975).
Defendant argues that since he is not married to the mother of the child, there should be no presumption that he is the father of the child. La.C.C. arts. 184-190 govern the presumptions of paternity. These presumptions are not applicable to this case because defendant has acknowledged the child. He is still required to support his illegitimate child under Civil Code arts. 203, 239 and 240.
La.C.C. art. 203 provides:
The acknowledgment of an illegitimate child shall be made by a declaration executed before a Notary Public, in the presence of two witnesses, by the father and mother or either of them, or it may be made in the registering of the birth or baptism of such child.
This article only requires acknowledgment of paternity to create the right for an illegitimate child to claim support. See Escort v. Lafargue, 142 So.2d 549 (La.App. 4th Cir.1962).
Civil Code Article 239 provides for reciprocal duties of support between parents and illegitimate children. Article 240 requires support of the illegitimate children when they are in need. Two criteria in Article 240 must be met before an illegitimate may receive support. These are: (1) having been legally acknowledged by both father and mother, or by either of them from whom they claim alimony, and (2) prove in a satisfactory manner that they stand absolutely in need of such alimony for their support. This child has been legally acknowledged by defendant's own acts of acknowledgment and by his judicial admission. We do not find that the trial court was in error in determining that the child was entitled to support.
The determination of the amount to be awarded is within the sound discretion of the trial court. Based upon the evidence in the record, it was not an abuse of the trial court's discretion to award $400.00 per month in child support.
Absent manifest error, we cannot substitute our discretion for that of the *269 trial court. The trial court examined all aspects of this case carefully and reached its conclusion fairly and we think without error.
In view of the Code articles, the judicial admission of paternity and the introduction into evidence of the altered birth certificate indicating that defendant is the father of the child, the trial court appears to have correctly decided the issues of paternity and child support.
For the foregoing reasons, the decision of the trial court is affirmed, all costs to appellant.
AFFIRMED.