CIACCIO, Judge.
Defendant was charged in the Juvenile Court for the Parish of Orleans with criminal neglect of family, La.R.S. 14:74. He now appeals from a judgment ordering him to make semi-monthly child support payments. La.R.S. 14:75. Defendant has specified four assignments of error all of which concern the trial judge’s ruling which construed a certain document as an act of acknowledgement. We affirm the action of the trial court.
The document in question is entitled “Act of Legitimation”. It is signed by the defendant, the mother of the child, two witnesses and a notary. The document indicates that defendant appeared before the notary and declared under oath that he was the father of the child.
At trial defendant presented evidence that at the time he executed the act of legitimation he had a legitimate descendant. Under La.C.C. Art. 200, prior to its amendment in 1983, the existence of a legitimate descendant was a legal impediment to defendant’s legitimating this child. Defendant argues, therefore, that the document is invalid as a legitimation.
The trial judge recognized that the document “is defective as a legitimation” but ruled it “nonetheless, serves as a formal acknowledgement of the minor child.” We agree.
The pertinent language from the document is as follows:
PERSONALLY CAME AND APPEARED: Marcus T. Foss, presently residing at 815 Frenchman St., N.O. La., who was born in Brawley, Calf., that his age at the time of the birth of the above named child was 26 and that his race is white, who declared to me, Notary, under oath that he is the father of the child born on Aug. 11, 1980, whose mother is Patricia A. Moolekamp and whose birth is registered in the records of the Parish of Orleans under the name of Gabrielle Mary Madonna Moolekamp, that it is the appearer’s intention to legitimate and he does here by so legitimate said child, in accordance with Civil Code, Article 200.
The method for acknowledging an illegitimate child is provided in La.C.C. Art. 203.
Art. 203. Methods of making acknowl-edgement
The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in the presence of two witnesses, by the father and mother or either of them, or it may be made in the registering of the birth or baptism of such child.
The “Act of Legitimation” executed by the defendant is a “declaration executed before a notary public, in the presence of two witnesses.” This document satisfies all of the requirements for a formal act of ac-knowledgement under La.C.C. Art. 203, cf. Escort v. Lafargue, 142 So.2d 549 (La.App. 4th Cir.1962) and Haynes v. Cargo, 422 So.2d 267 (La.App. 4th Cir.1982). The external legal impediment, i.e. defendant’s le *161 gitimate descendant, which prevented defendant from executing a valid legitimation did not interfere with the execution of a formal acknowledgement. The trial judge correctly ruled that the “Act of Legitimation” constituted a formal act of acknowl-edgement.
Defendant also argues that the criminal proceedings were improperly converted into a paternity hearing. We do not agree.
Defendant was charged with having violated La.R.S. 14:74. One of the elements which the State must prove is a pre-exist-ing civil liability on the part of defendant to support the minor child. In the case of an illegitimate child this element may be established in one of two ways, viz. by an acknowledgement before a notary public and two witnesses, or by a judgment establishing paternity. State v. Mack, 224 La. 886, 71 So.2d 315 (1954); State v. Braxton, 238 La. 13, 113 So.2d 292 (1959).
In this case the State offered the “Act of Legitimation” as proof of defendant’s preexisting civil liability to support the minor child. The trial court ruled, and we have affirmed, that the “Act” constituted a formal acknowledgement, by defendant, of the child. This procedure constitutes a necessary part of the State’s case at trial. It does not improperly convert the criminal proceedings into a paternity suit. This contention by defendant is without merit.
Defendant has also assigned as error the admission into evidence of the “Act of Legitimation.” Counsel for defendant argues in brief the incorrectness or absence of certain information in the document. The authenticity of the document, however, is not attacked. Most importantly, defendant did not object to the admission of the document at trial, and therefore, he may not raise this objection for the first time on appeal. This assignment is without merit.
Lastly defendant argues that the trial court erred by ignoring his testimony that he signed the “Act of Legitimation” under duress. Defendant testified that he signed the document after having first discussed the situation with his lawyer. The extent of defendant’s testimony concerning duress concerned the family of the child’s mother imploring him “to do the right thing.” He testified to an absence of threats or violence. The trial judge apparently concluded that defendant did not execute the document under duress. Our review of the record has not disclosed any reason to reach a different conclusion.
Accordingly, the judgment appealed from is affirmed. All costs are to be paid by defendant-appellant.
AFFIRMED.