MARVIN, Judge.
Plaintiffs, who are cousins of the decedent, Norma Mayfield, appeal a judgment rejecting their demands to annul a 1978 judgment of possession placing the dece *1286 dent’s illegitimate, but acknowledged, brother and the descendants of the decedent’s illegitimate sister in possession of the decedent’s estate.
The issues are primarily factual. We find no error and affirm.
Norma Mayfield was born in 1917 of the union of Croford Mayfield and Rebecca Hodo, who married in 1918 after Croford Mayfield and his first wife divorced. Norma Mayfield was legitimated by the marriage of her parents. C.C. Art. 198, as amended in 1948. See Succession of Mitchell, 323 So.2d 451 (La.1975).
Before Croford Mayfield’s death in 1977, he and his legitimated daughter, Norma, formally donated, by authentic act, real estate to James Mayfield on September 8, 1975, declaring therein that the donation is made “in consideration of the natural love and affection they have for their son and brother, respectively, James Mayfield.” See CC Art. 203.
James Mayfield was born in 1908 of the union of Croford Mayfield and Cumie Dray-ton. This union also produced an older sister to James Mayfield, Elsie Mayfield. Although Croford Mayfield and Cumie Drayton were never married, Croford May-field was found by the trial court to have informally acknowledged James and Elsie Mayfield as his children. The record supports that finding. Elsie Mayfield died before Norma Mayfield and left surviving legitimate descendants.
Norma Mayfield died intestate February 7, 1978. A few months later the judgment of possession under attack was signed in her succession proceedings. This judgment was based on affidavits and allegations that Norma Mayfield was never married, that she left no surviving lawful ascendants or descendants, and was survived by the natural descendants of her father, Cro-ford Mayfield, who were James Mayfield and certain named descendants of Elsie Mayfield Woodard. The judgment of possession recognized these persons as the heirs of Norma Mayfield and placed them in possession of her estate.
Alleging themselves to be descendants of brothers and sisters of Croford Mayfield, or cousins of Norma Mayfield, plaintiffs brought the action to annul the judgment of possession on March 26, 1981. The trial court, following CCP Art. 3062, treated the judgment as prima facie, and not conclusive, evidence of the relationships of the decedent, Norma Mayfield, and held that plaintiffs had not met the burden of proving they should inherit from Norma May-field. On this record, we agree.
The 1975 donation from Croford and Norma Mayfield satisfies, in form and in substance, the requirements of CC Art. 203 for formally acknowledging an illegitimate child. The absence of the word “acknowledgment” does not preclude a finding of formal acknowledgment. See and compare Escort v. Lafargue, 142 So.2d 549 (La.App. 4th Cir.1962); Succession of Theriot, 428 So.2d 1017 (La.App. 1st Cir.1983).
Plaintiffs offered lay testimony and medical records in an attempt to support their contention that Croford Mayfield was not mentally competent during the last years of his life and when the donation to James Mayfield was made. The trial court sustained defendants’ objection that the medical records were hearsay and that the evidence as to incapacity was outside the scope of the pleadings because plaintiffs had not alleged Croford Mayfield’s incapacity. Plaintiffs made a proffer of this evidence as allowed by CCP Art. 1636.
While stipulating that the medical records of Croford Mayfield were the “official records” of a medical clinic that had treated Croford Mayfield, defendants reserved their right to object to the admissibility of the records. Defendants’ hearsay objection asserted that the person or persons who wrote or compiled the records were not called to testify [and be cross-examined].
We find no error in the trial court’s evidentiary rulings. Nonetheless, we have reviewed the proffered evidence and find it insufficient to prove Croford Mayfield’s incapacity when he joined in the donation in 1975. As we have noted, the record also supports the trial court’s conclusion that *1287 the 1975 donation was legally sufficient as a formal acknowledgment by an ascendant of an illegitimate descendant under CC Art. 203.
In cases of intestate successions occurring after January 1, 1975, an illegitimate who has been formally acknowledged by an ascendant is not required to prove filiation under CC Art. 209 and is entitled to inherit from blood relatives of the ascendant as a legitimate child. See Succession of Clivens, 426 So.2d 585 (La.1982); Succession of Brown, 388 So.2d 1151 (La. 1980).
Even if the plaintiffs are cousins in the paternal line of Norma Mayfield, they would not inherit from her because cousins are primed by half-brothers of a decedent in that same line. See CC Arts. 892, 893, after 1981 revision of succession articles, formerly Arts. 912, 913.
Likewise, the exclusion of the descendants of Elsie Mayfield Woodard from the succession of Norma Mayfield would not avail the plaintiff cousins. In such a situation, James Mayfield, the formally-acknowledged half-brother of the decedent in the paternal line, would inherit the entirety of Norma’s estate to the exclusion of the “cousin” or other collaterals of a lesser degree in that line. CC Arts. 892, 893.
James Mayfield joined in the Norma Mayfield succession proceedings with the descendants of his predeceased sister, Elsie Mayfield Woodard, to be placed in possession of Norma Mayfield’s estate. Elsie’s descendants are aligned with him in defending the action brought by plaintiffs to annul the judgment of possession. He does not complain in any respect or answer the appeal of the plaintiffs. In these circumstances we shall not disturb the judgment of possession. See Succession of Williams, 418 So.2d 1317 (La.1982).
At appellants’ cost, the judgment is AFFIRMED.